JOHN H. BEGLEY, JR., ET AL. *v.* KOHL AND MADDEN PRINTING INK COMPANY ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 6, 1968—decided January 22, 1969

*Morgan P. Ames,* for the appellants (plaintiffs).

*Paul V. McNamara,* with whom, on the brief, was *Donald J. St. John,* for the appellees (defendants).

RYAN, J. The named plaintiff, a twelve-year-old boy, hereinafter referred to as the plaintiff, brought this action by his mother and next friend against the named defendant, Kohl and Madden Printing Ink Company, hereinafter referred to as Kohl & Madden, and against his father, the defendant John H. Begley, individually and as the agent, servant or employee of Kohl & Madden. The plaintiff's mother, Mary M. Begley, sought in the same action to recover for medical and hospital expenses which she incurred on behalf of the boy. The complaint recites personal injuries to the plaintiff incurred on July 28, 1961, and seeks recovery predicated on allegations of negligence and reckless misconduct by the defendants. In their answer, the defendants denied these allegations and pleaded three special defenses. In the first of these, the defendants alleged that the plaintiff was the unemancipated son of the defendant John H. Begley and had no cause of action against his parent. In the second special defense, the defendants alleged that, for the same reason and on the ground of public policy, the plaintiff Mary Begley had no cause of action for the medical and hospital expenses alleged in the com-

plaint. In the third special defense, the defendants alleged that the plaintiff was chargeable with contributory negligence. The trial court directed a verdict in favor of the defendant Begley on the cause of action of the minor plaintiff and the plaintiff Mary Begley on the ground of parental immunity. The jury returned a general verdict in favor of the defendant Kohl & Madden, and the plaintiffs have appealed.

The assignments of error addressed to the charge are to be tested by the claims of proof as they appear in the finding. Practice Book § 635; *Intelisano* v. *Greenwell,* 155 Conn. 436, 444, 232 A.2d 490; *Morgillo* v. *Evergreen Cemetery Assn.,* 152 Conn. 169, 177, 205 A.2d 368; *Shulman* v. *Shulman,* 150 Conn. 651, 654, 193 A.2d 525. Upon the trial the plaintiffs claimed to have proved the following: On July 28, 1961, the plaintiff John H. Begley, Jr., was twelve years of age. His father, the defendant John H. Begley, hereinafter referred to as Begley, was employed by the defendant Kohl & Madden. The company provided Begley with a leased station wagon for use in performing his duties in calling on people on the eastern seaboard. He had possession of the car and kept it at his residence on Stanwich Road in the town of Greenwich. It was his responsibility to see that the car was kept in good operating condition, and Kohl & Madden paid for any work done on it. In the early morning of Friday, July 28, 1961, Begley was driving the station wagon. About 8:30 or 9 a.m., he took it to the Pontiac agency for repairs after telephoning the repair shop that work done there the previous day was unsatisfactory. The repair work was completed satisfactorily in about forty-five minutes. Begley used the car primarily for busi-

ness. It was his intention to use it in his work the following Monday and possibly to use it for a trip to visit his children in Vermont on the day of the accident. After leaving the Pontiac shop, Begley went on an errand and stopped to pick up some drugs or a suit and then proceeded toward his home. He was alone in the car, and he turned from the Post Road into Stanwich Road. The station wagon was in good operating condition. The plaintiff was riding his bicycle and was on the right side of Stanwich Road. Begley and the plaintiff stopped by a tree on the right side of the road. The plaintiff did not get off his bicycle, which was right beside the station wagon. He asked his father for a ride up to the house and was told "okay" and "hang on." The father had never before given his son a lift in this fashion. The plaintiff and his father pulled away traveling very slowly and went up the hill very slowly. Prior to this time, a fusion operation had been performed on the father's neck, as a result of which his ability to turn was limited. As Begley towed the plaintiff up the street, he did not know what part of the car his son was holding onto and could not see the boy's left hand at any point as they went up the street. The terrain in that area is very rough, and, as Begley drove up the street, he knew that the right side of the street along the edge was rough and bumpy and that there were rough places in two driveways. The car and the boy on the bicycle were in a driveway where it extends out into the road. It was very rough and there were deep ruts in it. The plaintiff was being pulled in the rough driveway, which was the worst part of the road. There was no other traffic on the highway. When Begley turned the car to the left, he did not warn his son that he was going to do so. When he ac-

celerated, he did not warn the plaintiff that he was going to do so. The plaintiff tumbled or was catapulted onto the gravel shoulder of the road and was found unconscious and bleeding about twenty or thirty feet farther up Stanwich Road than the bicycle.

The plaintiffs assign error in the charge to the jury wherein the trial court directed a verdict in favor of the defendant father on the ground of parental immunity. For a long period of time, it has been the law in this state that an unemancipated minor cannot maintain an action for negligence against his parent. *Mesite* v. *Kirchenstein,* 109 Conn. 77, 82, 145 A. 753. He can, however, maintain an action against his parent's employer for the negligence of his parent while the parent is acting in the course of his employment. *Chase* v. *New Haven Waste Material Corporation,* 111 Conn. 377, 382, 150 A. 107. In *Shaker* v. *Shaker,* 129 Conn. 518, 521, 29 A.2d 765, we held that a parent cannot maintain an action for negligence against his unemancipated minor child. The reasoning of these decisions was well stated in *Mesite* v. *Kirchenstein,* supra, 84. "The State and society are vitally interested in the integrity and unity of the family and in the preservation of the family relation. The obligation of the father, or it may be the mother, to care for, guide, control and educate their child, and the reciprocal obligation of the child to serve and obey the parent, are essentials of the family relationship. Authority in the parent to require obedience in the child is indispensable to the maintenance of unity in the family. Anything which undermines this authority, brings discord into the family, weakens its government and disturbs its peace, is an injury to society and to the State. Few things could bring about

this unhappy condition more quickly or widen the breach between parent and child further than the bringing of an action at law for personal injuries by a minor child against the parent." To permit such actions is against sound public policy. See *Overlock* v. *Ruedemann,* 147 Conn. 649, 651, 165 A.2d 335. The trial court correctly instructed the jury on the law applicable to the facts of the present case.[1]

The plaintiffs further urge that, even if it is assumed that the traditional rule of parental immunity for negligence is still viable, the trial court should have charged the jury as requested by the plaintiffs that, if the defendant father was chargeable with wilful and wanton misconduct which caused the injuries, the plaintiff son can maintain a tort action against his father. No Connecticut case has been cited by the plaintiffs as authority for this claim of law. The defendants claim that the complaint does not set forth a cause of action based on wanton misconduct. "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." *Brock* v. *Waldron,* 127 Conn. 79, 81, 14 A.2d 713; *Dumond* v. *Denehy,* 145 Conn. 88, 91, 139 A.2d 58. "Recklessness is a state of consciousness with reference to the consequences of one's acts. *Commonwealth* v. *Pierce,* 138 Mass. 165, 175. It 'requires a conscious choice of a course of action

---

[1] Section 52-572c of the General Statutes abrogates the immunity between parent and child in actions for negligence in the operation of a motor vehicle in all actions accruing after July 1, 1967. It is noteworthy that the General Assembly declined to modify the doctrine of parental immunity in any other respect.

either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and the actor 'must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent.' Restatement, 2 Torts, § 500, comment g; *Rogers* v. *Doody,* 119 Conn. 532, 535, 178 Atl. 51. It is 'more than negligence, more than gross negligence.' *Bordonaro* v. *Senk,* 109 Conn. 428, 431, 147 Atl. 136. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." *Mooney* v. *Wabrek,* 129 Conn. 302, 308, 27 A.2d 631. Even if we assume for the purpose of discussion that the plaintiffs have properly pleaded a cause of action for reckless misconduct, and that such an action by a child against his parent would lie, the claims of proof were insufficient to justify submitting this issue to the jury, and the trial court was correct in declining to do so. *Intelisano* v. *Greenwell,* 155 Conn. 436, 444, 232 A.2d 490.

The plaintiffs assign error in the court's refusal to charge, as requested, that the jury should disregard certain comments made by defense counsel in final argument. The adequacy of a charge is tested by the claims of proof in the finding. *Farlow* v. *Andrews Corporation,* 154 Conn. 220, 222, 224 A.2d 546; *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 424, 216 A.2d 818. Where there is nothing in the finding by which we can test the adequacy of the charge, it is presumed to have been correct. *State* v. *Mallette,* 153 Conn. 584, 587, 219

A.2d 447; *Facey* v. *Merkle,* 146 Conn. 129, 132, 148 A.2d 261. The specific comment which the plaintiffs contend was prejudicial appears in the court's memorandum of decision. "The memorandum of decision cannot take the place of a finding. Statements of fact in it cannot be used to supplement the finding unless, for some specific, unusual purpose, the memorandum of decision is expressly made a part of the finding." *Stults* v. *Palmer,* 141 Conn. 709, 711, 109 A.2d 592. In the instant case, the trial court expressly included its memorandum in the finding. It appears that in final argument defense counsel asked the jury "whether they would like to be sued or have their company sued under the circumstances therein." The trial court decided that this "golden rule" argument was an offhand remark made by defense counsel; that the argument was not stressed; and that there was nothing contained therein to arouse the sympathy of the jurors or inflame their passions. "The trial court is invested with a large discretion with regard to arguments of counsel, and we should interfere only where that discretion was clearly exceeded or abused to the manifest injury of some party. *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 343, 160 A.2d 899; *James* v. *Bowen,* 83 Conn. 702, 706, 78 A. 420." *Bryar* v. *Wilson,* 152 Conn. 162, 165, 204 A.2d 831; *Intelisano* v. *Greenwell,* supra, 442. There was no abuse of discretion on the part of the trial court.

The plaintiffs also assign error in the failure of the trial court to charge as requested that even if the defendant Begley had used the company car for personal reasons, but was at the time of the accident again performing the company's business after a permissive departure, any negligence on his part

would be chargeable to the defendant company, his employer. It is unnecessary for us to decide whether or not the court erred in this respect. The defendant Kohl & Madden in its answer denied the allegations of agency and negligence in the complaint and pleaded a special defense of contributory negligence on the part of the plaintiff son, thus interposing two distinct defenses. The jury returned a general verdict in favor of the defendant Kohl & Madden, and, for that reason, all issues are presumed to have been found in its favor. *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698. The plaintiffs did not except to the court's charge on the issue of contributory negligence. "[W]hen there are two or more distinct defenses upon which the parties are at issue, a general verdict will stand if it can be supported on the basis of any one of them, regardless of error in the charge pertaining to the others. *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187." *Hasler* v. *T. H. Canty & Co.,* 138 Conn. 343, 346, 84 A.2d 577; *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* supra; *Labbee* v. *Anderson,* 149 Conn. 58, 60, 175 A.2d 370; *Himmelstein* v. *General Electric Co.,* 144 Conn. 433, 436, 133 A.2d 617; Maltbie, Conn. App. Proc. § 56. In view of the general verdict, the jury could have found that the plaintiff son was chargeable with contributory negligence.

The plaintiffs' final assignment of error relates to the court's use of the word "collision" in its charge. The plaintiffs contend that the charge unfairly placed upon them the burden of proving a collision when no such collision was embraced within their claims of proof. The trial court specifically corrected this portion of the charge after the plaintiffs excepted to it, and no further exception was

taken by the plaintiffs. There is therefore no claim of error properly before us. Practice Book § 249; *Terrazzano* v. *Sporna,* 157 Conn. 39, 43, 244 A.2d 599.

There is no error.

In this opinion the other judges concurred.