[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE THIRD AND FOURTH COUNTS #110
FACTS
On August 4, 1992, the plaintiff, Deborah M. Riggott, Administratrix of the Estate of Richard S. Riggott, filed a twelve-count complaint against the defendants, Donald Bartlett, Janet Bartlett, Robert T. Adams, David M. Adams, Terri Hensel and Richard B. Nadeau, seeking to recover for the injuries and death of the plaintiff's decedent in an automobile accident. In the first, second, third and fourth counts, directed to defendants Donald Bartlett and Janet A. Bartlett, the plaintiff alleges causes of action for violations of the Dram Shop Act, General Statutes 30-102 (First and Second Counts), recklessness (Third Count), and negligence (Fourth Count).
On November 13, 1992, defendants Donald Bartlett and Janet A. Bartlett filed a motion to strike the third and fourth counts of the plaintiff's complaint,[1] accompanied by a memorandum of law in support of the motion. On November 30, 1992, the plaintiff filed a memorandum of law in opposition to the motion to strike.
DISCUSSION
A motion to strike challenges the legal sufficiency of the allegations of a complaint, or any one or more of the CT Page 3800 counts thereof, to state a claim upon which relief can be granted. Practice Book 152(1). A motion to strike admits all facts well-pleaded; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108491 A.2d 368 (1985). In ruling upon a motion to strike, the court is limited to the facts alleged in the pleading which is the subject of the motion to strike; Gordon v. Bridgeport Housing Authority, 208 Conn. 1161, 170, 544 A.2d 1185 (1988); and the court must view those factual allegations in the light most favorable to the pleader. Ferryman v. Groton, supra, 146.
In the third count, the plaintiff incorporates, as paragraphs one through twelve, paragraphs one through eight of the first count and two through five of the second count, in which the plaintiff alleges two violations of the Dram Shop Act. In paragraph thirteen of the third count, the plaintiff alleges that "[s]aid incident, and the damages, losses and fatal injuries resulting therefrom, were caused by the reckless and willful misconduct of the defendants, Donald Bartlett and Janet A. Bartlett, acting either personally and/or by their agents, servants or employees, in that in the course of their employment that [sic] they caused alcoholic beverages to be sold to the defendant Richard A. Nadeau and/or to Martin Mullins while said individuals were each in an intoxicated state and knew that one or the other or both of them would be operating motor vehicles on the public highway."
The defendants assert that the allegations of the third count are nothing more than a recitation of the allegations of the first and second counts, in which the plaintiff seeks recovery for violations of the Dram Shop Act. The defendants claim that in the third count the plaintiff does not add any allegations which specifically set out how the actions alleged in the first two counts were reckless or willful misconduct. The defendants further claim that simply using the words "reckless" or "recklessness" is insufficient. The defendants conclude that the third count "is nothing more than a recitation of the negligence claims made pursuant to Connecticut General Statutes 30-102 found elsewhere in the complaint and as such is insufficient to sustain a claim for reckless or willful conduct." (Defendant's memorandum, CT Page 3801 p. 2).
The plaintiff argues that "the sale of alcoholic beverages to customers who are already intoxicated, at that early hour of the morning, (the complaint alleges that the sales occurred between 7:30 a.m. and 10:30 a.m.) is an explicit enough statement on which to base a claim of recklessness." (Plaintiff's memorandum, p. 3).
 There is a wide difference between negligence and reckless or wanton misconduct . . . . "`Recklessness is a state of consciousness with reference to the consequences of one's acts. Commonwealth v. Pierce, 138 Mass. 165, 175, [1884]. It "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man," and the actor "must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." . . . It is "more than negligence, more than gross negligence." . . .'" Begley v. Kohl Madden Printing Ink Co., 157 Conn. 445, 450-51, 254 A.2d 907 (1969).
(Citations omitted). Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 45-46. 492 A.2d 219 (1985); see also Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129,138-39, 479 A.2d 231 (1984). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., supra, 46, citing Kostiuk v. Queally, 159 Conn. 91, 94, 267 A.2d 452 (1970). "To be legally sufficient, a count based on reckless and wanton misconduct must, like an action in negligence, allege some duty running from the defendant to the plaintiff." Sheiman v. Lafayette Bank Trust Co., supra. A plaintiff must allege facts from which such a duty may be proven, not mere conclusions of law. Id.
In this case, the plaintiff has merely recited the allegations of her Dram Shop Act claims as the first twelve paragraphs of the third count, and has merely added an allegation in the thirteenth paragraph that the incident and fatal injuries were caused by the defendants' reckless and CT Page 3802 willful misconduct. These allegations of legal conclusion add nothing to the factual allegations which the plaintiff has incorporated into her third count from the first and second counts. The plaintiff's allegation that the sale of alcohol occurred at an early hour of the morning is not, standing alone, a sufficient factual basis upon which one could infer reckless or willful misconduct. Accordingly, the plaintiff has not alleged sufficient facts, if proven, to support a finding of reckless or willful misconduct. The defendants' motion to strike the third count of the plaintiff's complaint is granted.
The defendants argue that the court should strike the fourth count of the plaintiff's complaint, in which the plaintiff alleges a negligence claim against these defendants, because there is no common law cause of action based upon negligence in selling alcohol to adults who are, or become, intoxicated and thereafter injure themselves or another as a consequence of that intoxication. The plaintiff concedes that the traditional view is that no common law action based upon negligence is recognized for selling alcohol to adults who are known to be intoxicated; however, the plaintiff, citing Chief Justice Peters' dissent in Quinnett v. Newman, 213 Conn. 343, 350, 568 A.2d 786 (1990), urges this court to allow her common law negligence claim and give the jury the opportunity to consider the factual circumstances.
At common law there is no cause of action based upon negligence "against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another." (Citations omitted). Kowal v. Hofher, 181 Conn. 355,357, 436 A.2d 1 (1980); see Quinnett v. Newman, supra, 345-46. "The reason underlying the rule is that the proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee." (Citation omitted). Kowal v. Hofher, supra, 357-58.
 "[P]roximate causation is . . . a matter of public policy and therefore subject to the changing attitudes and needs of society." . . . [T]he issue is not whether one disapproves of CT Page 3803 irresponsible drinking and its too often tragic results on the highways and roadways of our state, but rather, whether this court can intrude where the legislature has so clearly chosen to act. To the extent that the General Assembly sees fit to articulate public policy through specific legislation, . . . [the court is] bound to honor the means by which it addresses the policy issue in question.
Quinnett v. Newman, supra, 346-47.
The Supreme Court's decision in Quinnett is binding upon this court, and therefore this court similarly cannot intrude in this public policy matter "where the legislature has so clearly chosen to act" by providing a cause of action under the Dram Shop Act. See Quinnett v. Newman, supra. Accordingly, the defendants' motion to strike the fourth count of the plaintiff's complaint is granted.
CONCLUSION
The defendant's motion to strike the third and fourth counts of the plaintiff's complaint is granted.
Philip R. Dunn, J.