[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Robert Squeglia, Jr., a minor, has filed one-count complaint through his mother and next friend, Claudia Squeglia, seeking damages for personal injuries he alleges he suffered on or about March 16, 1991, when he was attacked and bitten by a dog owned by the defendant Robert Squeglia, who is the father of the minor plaintiff. CT Page 6624-A
The complaint alleges that pursuant to General Statutes 22-357, the so-called dog bite statute, the defendant, as owner of the dog, is liable for the bodily injuries sustained by the minor plaintiff as a result of the dog bite.
The defendant has filed an answer and, by way of a special defense, alleges that any claim for injury, loss or damage made by or on behalf of the minor plaintiff is barred by the doctrine of parental immunity. Before the court at this time is a motion for summary judgment filed by the defendant based on the grounds that: (1) plaintiff's action is barred by the parental immunity doctrine, and (2) the plaintiff is a joint owner or keeper of the dog under the dog bite statute. The defendant is claiming that there is no genuine issue of material fact as to either of the grounds claimed and that he is entitled to judgment as a matter of law.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. CT Page 6624-B Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402,528 A.2d 805 (1987). A material fact is simply a fact which will make a difference in the result of the case. Genco v. Connecticut Light and Power Co., 7 Conn. App. 164, 167, 508 A.2d 58
(1986). The burden of proof is on the mo ring party. State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "`To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248,250, 287 A.2d 382 (1971). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
With respect to the second ground claimed in the motion, it is the opinion of the court that the counteraffidavit filed by the plaintiff's mother raises a question of fact in connection with the ownership of the dog in question, and therefore the motion for CT Page 6624-C summary judgment cannot be granted on that ground.
The first ground urged in support of the motion, that the doctrine of parental immunity bars this action, appears to the court to be a valid claim. The defendant claims that there is no genuine issue of material fact with respect to this ground, and that he is entitled to judgment as a matter of law. The plaintiff does not dispute that there is no genuine issue of material fact, but claims, as a matter of law, that the parental immunity doctrine does not bar this action. The basis of the plaintiff's legal argument is his claim that the parental immunity doctrine bars only actions based on negligence and not statutory actions, as is the case here.
General Statutes 22-357 provides:
 If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or CT Page 6624-D other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action.
The doctrine of parental immunity provides that an unemancipated minor cannot maintain a tort action against his parent. This doctrine was first articulated by the Connecticut Supreme Court in Mesite v. Kirchenstein, 109 Conn. 77, 82-85 (1929). The doctrine was re-examined by that Court in Begley v. Kohl Madden Printing Ink Co., 157 Conn. 445 (1969), which was a suit by an unemancipated minor against his father and his father's employer for personal injuries sustained by the minor. The reasoning and the public policy behind the doctrine enunciated by the court in Mesite in 1929 was reaffirmed by the Court in Begley:
 The state and society are vitally interested in the integrity and unity of the family and in the preservation of the family relation. CT Page 6624-E The obligation of the father, or it may be the mother, to care for, guide, control and educate their child, and the reciprocal obligation of the child to serve and obey the parent, are essentials of the family relationship. Authority in the parent to require obedience in the child is indispensable to the maintenance of unity in the family. Anything which undermines this authority, brings discord into the family, weakens its government and disturbs its peace, is an injury to society and to the state. Few things could bring about this unhappy condition more quickly or widen the breach between parent and child further than the bringing of an action at law for personal injuries by a minor child against the parent. To permit such actions is against sound public policy. (Emphasis added)
Begley v. Kohl Madden Printin Ink Co., 157 Conn. at 449-450, quoting Mesite v. Kirchenstein, supra, at 84.
The Connecticut legislature has enacted an exception to the doctrine of parental immunity in cases involving the negligent operation of a motor vehicle. That statute, first adopted in 1967 and subsequently amended in 1979, now provides as follows: CT Page 6624-F
 In all actions for negligence in the operation of a motor vehicle, and in all actions accruing on or after October 1, 1979, for negligence in the operation of an aircraft or vessel . . . resulting in personal injury, wrongful death or injury to property, the immunity between parent and child in such negligence action brought by a parent against his child or by or on behalf of a child against his parent is abrogated. 52-572c, Connecticut General Statutes.
The statutory exception has been narrowly construed by the Appellate Court on two occasions. In Pettengill v. Pettengill,18 Conn. App. 557 (1989), cert. denied 212 Conn. 808, which involved a negligence action where a minor plaintiff fell from a tractor and brought suit against his father, and in Jackson v. Johnson,9 Conn. App. 290 (1986), cert. denied 202 Conn. 804, where a minor plaintiff roller-skated into his parents' parked car, the court held that the exceptions contained in 52-572c did not apply, and in each case the action against the parent was barred.
The plaintiff directs the court's attention to the case of Dubay CT Page 6624-G v. Irish, 207 Conn. 518, 542 (1988), wherein the court stated that the doctrine of parental immunity "bars an unemancipated minor from suing his or her parent for injuries caused by the negligence of that parent." (emphasis added) Relying on this language the plaintiff claims that since the instant action is based on a violation of a statute, and not negligence, the doctrine does not apply. This court does not agree.
The plaintiff points to no Connecticut case wherein the court has indicated that the doctrine does not apply to claims based on a violation of a statute. To the contrary, in the case of Gomola v. Gomola, CV 85-0044378S, Judicial District of Middlesex at Middletown, a dog bite case which involved facts virtually identical to those in the instant case, the court refused to strike a special defense alleging that the parental immunity doctrine was a bar to the action.
The language of the court in Mesite, supra, 82, does not indicate that the doctrine is only applicable to cases based on claims of negligence: CT Page 6624-H
 "That a parent is not liable civilly to his child for personal injury inflicted during his minority is the rule of law which prevails in every one of the eleven states where this question has arisen."
The reasoning of Mesite has been followed without qualification in the various cases which have considered the issue since that decision. Most cases do deal with claims of negligence but there is nothing in those cases which would indicate that the doctrine is restricted to negligence cases.
This court fully agrees with the language of Mesite, which was cited with approval in Begley when the court said, in referring to family discord, that "few things could bring about this unhappy condition more quickly than the bringing of an action at law for personal injuries by a minor child against the parent."
It seems to the court that to allow an unemancipated child to sue his parent under the dog bite statute because the family dog bites the child is the type of case which the Supreme Court had in CT Page 6624-I mind when it expressed concern abut bringing discord into the family by allowing actions at law by children against their parents. If this doctrine is to be further narrowed by allowing this kind of suit based on statutory violations, then it is up to the Legislature or the Supreme Court to bring it about.
There being no genuine issue of material fact with respect to the claim of the defendant that the parental immunity doctrine applies to this case, the court is of the opinion, for the reasons stated, that the defendant is entitled to judgment as a matter of law.
The defendant's motion for summary judgment is granted.
Hadden, J.