[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S EXCEPTIONS TO REFEREE'S CORRECTED REPORT AND PLAINTIFF'S OBJECTION TO ACCEPTANCE OF REFEREE'S CORRECTED REPORT
This civil action was filed by plaintiff New England Savings Bank on June 10, 1992, against defendants Dennis Girard and Denise Girard, who both appeared pro se. In its five count complaint, plaintiff alleges that a deficiency resulting from CT Page 6471-A the sale of a repossessed motor boat is due and payable by Dennis Girard, and that a conveyance of realty from Dennis Girard to Denise Girard violated various provisions of the Uniform Fraudulent Transfer Act, General Statutes 52-552 et seq. Plaintiff seeks to collect as deficiency $8,529.18 plus interest, which plaintiff alleges is the balance due on a $13,760.00 note signed by Dennis Girard. Plaintiff also seeks to set aside the conveyance of realty from Dennis Girard to Denise Girard.
On October 23, 1992, the case was referred to fact-finder John L. Calvocoressi, Attorney State Trial Referee. The case was heard by the fact-finder on January 8, 1933. The fact-finder filed his report on February 2, 1993. On February 16, 1993, plaintiff filed a motion to correct the fact-finder's report pursuant to Practice Book 438. On March 11, 1992, the fact-finder filed his decision on plaintiff's motion to correct, along with a corrected report, memorandum, and supplemental memorandum. On March 19, 1933, plaintiff filed exceptions to the fact-finder's factual findings pursuant to Practice Book 439. On March 24, 1993, plaintiff filed objections to the acceptance of the conclusions contained in the fact-finder's corrected report pursuant to CT Page 6471-B Practice Book 440.[1] On April 19, 1993, Dennis Girard filed a memorandum opposing plaintiff's exceptions and objections and seeking to "utilize my rights according to the State statutes to file a counter suit for 25% of moneys repaid in the sum of $1,250.40. I refer to PUBLIC ACT NO. 76-258. . . . Specifically (d)." (Dennis Girard's memorandum, p. 1).
The following facts appear in the fact-finder's corrected report. On February 19, 1988, Dennis Girard borrowed $13,760.00 from Essex Credit Corp., signed and gave his note to plaintiff's assignor, Essex Credit Corp., gave a security interest in a vessel and trailer, and applied the money borrowed to purchase the vessel and trailer. (Corrected report, p. 1 ##1-2). Dennis Girard made installment payments through September, 1990, making his last payment for October 20, 1990, and then defaulted. (Corrected report, p. 2 ##3, 4.a).
On December 8, 1990, plaintiff took possession of the security, and on December 10, 1990, plaintiff notified Dennis Girard by certified mail of the repossession and his right to redeem. On June 12, 1991, a broker acting on plaintiff's behalf sold the vessel CT Page 6471-C and trailer for $7,000.00. (Corrected report, p. 2 ##5, 7-8).
The fact-finder found that the defendant's note was an "installment loan contract" as defined by General Statutes 42a-83(3)(f), and that after the repossession, Dennis Girard was not indebted to plaintiff. (Corrected report, pp. 2, 6 ##12, 33).
The fact-finder notes in his corrected report that: "Per . . . [General Statutes]42-98(d), the deficiency from the sale may not be recovered" (Corrected report, p. 3 ##11.a, 13); and `that "[a] complicated exception to the prohibition against collecting a deficiency is found as to motor vehicles [Sec. 42-98(9)]." (Memorandum to corrected report). The fact-finder did not apply the motor vehicle exception to this case, and noted that although a "trailer is a motor vehicle [Sec. 42-83(c)] [sic] . . . plaintiff did not provide any proof as to separating the value and expenses relating to the trailer from the `package' sold, a boat and trailer." (Memorandum to corrected report).
The fact-finder also "noted that plaintiff violated by a few days the maximum period for resale (42-98d) [and] [o]n that basis, CT Page 6471-D Dennis Girard had a valid counterclaim (42-98i), but did not plead it." (Memorandum to corrected report). The fact-finder also found that the conveyance of Dennis Girard's residence "was made for adequate consideration . . . was not fraudulent . . . [and] should not be set aside." (Corrected report, p. 6 ##36-38).
 In summary: The debt was extinguished by the repossession and sale, and no deficiency recoverable. Even if it were, the conveyance is not one which may be set aside. The conveyance might be a voidable preference, or the subject of an action to quiet title: it is not a fraudulent conveyance, and should not be set aside, in this action.
(Supplemental memorandum to corrected report, p. 3).
Concerning plaintiff's claim for attorney's fees, the fact-finder concluded that although a fee of 15% of the deficiency recovered is reasonable, "[i]f there is no recovery, there can be no fee." (Corrected report, p. 7, ##41, 42). The fact-finder made a recommendation of "[j]udgment for both defendants on all counts, with costs." (Emphasis omitted.) (Corrected report, p. 7). CT Page 6471-E
 General Statutes 52-549n provides in pertinent part that the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending in the superior court in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and which the amount . . . in demand is less than fifteen thousand dollars exclusive of interest and costs.
See Beizer v. Goepfert, 28 Conn. App. 693, 697 n. 3,613 A.2d 1336 (1992). "[A]ttorney referees appointed pursuant to . . . General Statutes 52-549n are referred to as `fact-finders.'" Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 298,522 A.2d 837 (1989). "`Practice Book 546B-546K control the referral of cases to . . . factfinders under General Statutes 52-549n.'" Id.
 A party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact-finder erred in rulings on evidence or in CT Page 6471-F other rulings, or that there are other reasons why the finding of facts should not be accepted.
 Objections must be filed within fourteen days after the filing of the finding of facts.
Practice Book 546H; see Beizer v. Goepfert, supra, 702 n. 4. "In matters submitted to fact-finding a record shall be made of the proceedings and the civil rules of evidence shall apply." Practice Book 546F.
 A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court; . . . the Appellate Court; . . . or the Superior Court reviewing the findings of either administrative agencies; . . . or attorney trial referees . . . . [A]ttorney trial referees and factfinders "`share the same function . . . "whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court."'" CT Page 6471-G
(Citations omitted; footnote omitted.) Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 423-24,567 A.2d 1250 (1989).
 After reviewing the findings, the trial court may take any of the following actions: "(1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the factfinder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book 546J.
Id., 422.
Plaintiff excepts to the finding in paragraph 9.a which states CT Page 6471-H that "[t]he market value of the boat and trailer, per . . . [General Statutes] 42-98(d) was $9,955." (Exceptions, p. 1). Plaintiff proposes a corrected finding which states that "[t]he fair market value of the boat and trailer is $8,590.00." (Exceptions, p. 2). Plaintiff also excepts to paragraph 11.a of the corrected report, which shows the resale deficiency amount.
Section 42-98(d) states in relevant part that: "The proceeds of the resale shall be considered to be, either the amount paid for such goods at such sale or the fair cash retail market value of such goods at the time of repossession, whichever is the greater." General Statutes 42-98(d).
The corrected report indicates that the net proceeds from the resale of the boat and the trailer was $5,544.90; and that the retail market value of such goods was $9,955.00. (Corrected report, p. 3 ##9.a, 10). The greater of the two amounts is $9,955.00. We find that the conclusion of fact stated in paragraph 9.a of the corrected report is supported by the evidence considered by the factfinder.
The resale deficiency amount shown in paragraph 11.a of the CT Page 6471-I corrected report was calculated using the market value shown in paragraph 9.a of the same report. Accordingly, the court will not correct these findings in accordance with the plaintiff's exceptions.
The plaintiff objects to the acceptance of the fact-finder's corrected report on the ground that "[t]he referee erred as a matter of law in determining that the motor boat which the plaintiff repossessed was not a motor vehicle." (Objection, p. 5). Plaintiff maintains that as a result of that error "the referee incorrectly determined that the plaintiff is not entitled to a deficiency judgment . . . [because General Statutes 42-98(f) and (g)] allow deficiency judgments . . . in the case of motor vehicles with an aggregate cash price of over two thousand dollars." (Objection, p. 5). Plaintiff asserts that "if the motor boat in question is considered by the Court to be a motor vehicle for purposes of [the Retail Installment Sales Financing Act,] RISFA, the plaintiff is entitled to recover a deficiency judgment from defendant Dennis Glrard." (Objection, p. 10). Plaintiff argues that a motor boat meets the following RISFA definition of motor vehicle:
"Motor vehicle" means any device in, upon or by which any CT Page 6471-J person or property is or may be transported or drawn upon a highway by any power other than muscular. The term does not include self-propelled wheelchairs and invalid tricycles, tractors, power shovels, road machinery, implements or husbandry and other agricultural machinery, or other machinery not designed primarily for highway transportation but which may incidentally transport persons or property on a highway, or devices which move upon or are guided by a track or travel through the air.
(Emphasis added.) General Statutes 42-83(3)(c).
Plaintiff asserts that "[i]t is beyond a shadow of a doubt that a motor boat is capable of transporting persons of [sic] property by power other than muscular. Furthermore, motor boats travel on highways because the definition of highways includes navigable waterways." (Objection, p. 6). Plaintiff contends that "Connecticut courts addressing the precise question have consistently stated that navigable waterways are highways," and cites the following cases to support its claim: Enfield Toll Bridge Co. v. Hartford New Haven R.R., 17 Conn. 40, 61 (1845); Imlay v. Union CT Page 6471-K Branch R.R. Co., 26 Conn. 249, 256 (1857); and Hartford Electric Light Co. v. Water Resources Commission, 162 Conn. 89,100, 291 A.2d 721 (1971). (Objection, p. 7). Plaintiff asserts that "other statutory definitions of `highway' are of little help on this question . . . [and] . . . [b]ecause boats are vehicles, the common law definition of highways would therefore include navigable waterways." (Objection, pp. 6-7). Plaintiff also argues that "[d]ictionary definitions of `highway' unanimously state that navigable waterways are highways." (Objection, p. 7).
The Connecticut Supreme Court has never held that navigable waterways are highways. Although in the cases cited by the plaintiff the court has analogized navigable waters to highways in certain situations, the court has never held that navigable waterways are highways. Therefore, the cases cited by the plaintiff do not support its contention that motor boats are motor vehicles for purposes of General Statutes 42-83(3)(c) because navigable waterways are highways.
The plaintiff further argues that: CT Page 6471-L
 It is also significant that the definition of "motor vehicle" contained in General Statutes Section 14-1(47), unlike the definition contained in 42-83(3)(c), specifically excludes motor boats. . . . [T]he fact that the legislature chose not to specifically exclude motor boats in 42-83(3)(c) when it could easily have done so and had in fact done so in another context indicates that the legislature intended motor boats to be considered as motor vehicles for purposes of RISFA.
(Objection, p. 9). However, plaintiff offers no support for its assertion that the legislature intended motor boats to be considered motor vehicles for purposes of RISFA. Furthermore, plaintiff does not provide any authority which would show that the lack of a specific exclusion of motor boats in section 42-83(3)(c) means that the legislature intended to include motor boats in the definition of "motor vehicle" in section 42-83(3)(c). Therefore, "motor boats" should not be considered "motor vehicles" for purposes of RISFA, in the absence of evidence showing that the legislature so intended. CT Page 6471-M
Plaintiff notes that:
 in 1977, the legislature replaced the term "automobile" in 42-98(g) with the term "motor vehicle." . . . By replacing the term "automobile" with the term "motor vehicle" it is evident that the legislature intended to expand the scope of the term to include non-automobile motor vehicles such as motor boats. Otherwise, the substitution of terms would be meaningless and such a construction would contradict the presumption that the legislature does not intend to enact meaningless legislation.
(Emphasis added.) (Objection, pp. 8-9). However, it is noted that plaintiff provides no legislative history to support this argument.
It is not evident that the legislature intended to include motor boats within the definition of motor vehicles when it amended 542-98(g). At a public hearing, Senator Cutillo stated that House Bill 6856, An Act Concerning the Repossession of Consumer Goods, "expands the class of goods for which a deficiency judgment is permitted. From Automobile to motor vehicles." Conn. Joint CT Page 6471-N Standing Committee Hearings, General Law, 1977 Sess., p. 2997. However, at no time did the Senator, nor anyone else, express an intent to include "motor boats" or any type of watercraft, in the definition of "motor vehicles." Indeed, there is no evidence of such an intent in the legislative history of Public Act No. 77-506. See H.R. Proc. 1977 Sess., pp. 2323-26, 5588-83; S. Proc. 1977 Sess., pp. 2996-99; Conn. Joint Standing Committee Hearings, General law, 1977 Sess., pp. 1150, 1230-94.
During the years immediately preceding and following the 1977 amendment to 42-98(g), the legislature did not equate "motor vehicles" to "watercraft" or to "aircraft." The 1979 amendment to 42-572c illustrates this point. Prior to 1979, only negligence in the operation of a "motor vehicle" was actionable under 52-572c. See Begley v. Kohl Madden Printing Ink Co.,157 Conn. 445, 450 n. 1, 254 A.2d 907 (1969). After the passage of Public Act No. 79-5, negligence in the operation of an "aircraft" or "vessel" became actionable too. See General Statutes52-572c; see also Dzenutis v. Dzenutis, 200 Conn. 290, 297,512 A.2d 130 (1986). CT Page 6471-O
 Section 15-127, referred to in 52-572c, states that a "vessel" means every description of watercraft, other than a seaplane on water, used or capable of being used as a means of transportation on water; "motorboat" means any vessel, not more than sixty-five feet in length and propelled by machinery, whether or not such machinery is the principal source of propulsion.
(Emphasis added.) General Statutes 15-127.
When the legislature has employed the term "motor boat" in the past, it has used it to describe watercraft, other than sea planes on water. When the legislature has employed the term "motor vehicles," it has used the term to describe non-watercraft devices. See State v. Zach, 198 Conn. 168, 180 n. 8, 502 A.2d 896
(1385) (citing language in General Statutes 12-430(3) treating motor vehicles and boats as distinct devices).
The intent of the legislature in 1977, when it substituted "motor vehicle" for "automobile" in 42-98(g), may well have CT Page 6471-P been to expand the class of goods for which a deficiency judgment is permitted to include non-watercraft, non-automobile devices. Therefore, in spite of plaintiff's assertion to the contrary, he 1977 substitution of "motor vehicle" for "automobile" in 42-98(g) is not rendered meaningless when the scope of the term "motor vehicle" is construed as not including "motor boats."
Plaintiff also contends that "[t]he fact that N.A.D.A. [National Automobile Dealers Association], book values are available for motor boats further suggests that motor boats are motor vehicles for purposes of RISFA." (Objection, p. 10). Plaintiff, however, does not provide any authority which would show that N.A.D.A. book value classifications are persuasive under Connecticut law on the issue of whether "motor boats" are "motor vehicles."
We find that the fact-finder did not err in concluding that the motor boat, which the plaintiff repossessed, was not a motor vehicle under either sections 42-83(3)(c) or 42-98(g). Therefore, the fact-finder's legal conclusion that plaintiff was not entitled to recover a deficiency judgment under General Statutes 42-98(f) and (g)was correct. CT Page 6471-Q
Plaintiff also argues that if it is entitled to recover a deficiency judgment, then it is also entitled to recover attorney's fees. Since the plaintiff was not entitled to recover deficiency judgment under General Statutes 42-98(f) and (g), it follows that the plaintiff is not entitled to attorney's fees either.
Finally, plaintiff argues that "as a matter of law, the conveyance [of real estate by Dennis Girard to his daughter Denise Girard] was fraudulent based on the referee's findings of fact and should be set aside by the court." (Objection, p. 11). Since the plaintiff was not entitled to recover a deficiency judgment, this court does not need to reach the issue of whether any conveyances by Dennis may have been fraudulent.
In summary, pursuant to 546J, this court overrules plaintiff's objections to the acceptance of the fact-finder's corrected report and renders judgment for the defendants in accordance with the fact-finder's findings of fact.
Hennessey, J. CT Page 6471-R