[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff initiated this action claiming damages allegedly sustained while the plaintiff was a business invitee on the defendant's premises. In the first count, sounding in negligence, the plaintiff alleges that he was performing calibration services for the defendant's machines when a weight used in the testing process fell to the floor, causing an acid solution to splash into the plaintiff's eyes and face. The plaintiff alleges that the accident was the result of the defendant's negligence in maintaining its premises and failing to take precautions to safeguard persons lawfully on the premises.
In the second count, the plaintiff realleges the allegations of the negligence count, and also alleges that the "[t]he defendant knew or should have known that there was defective property on the premises that cause the leakage of the [acid] solution . . . to puddle [on the floor]." The plaintiff also alleges that the defendant knew that the solution was inherently dangerous.
The defendant moves to strike the second count on the ground that the plaintiff has failed to allege sufficient facts to state a cause of action based on recklessness. CT Page 12227
 "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The grounds for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v.Police Commissioners, 182 Conn. 138, 140, 438 A.2d 27 (1980).
To satisfy a claim of recklessness, the plaintiff must allege that the defendant's acts were done with a reckless indifference to the interests of others. Ames v. Sears, Roebuck Co., 8 Conn. App. 642, 655, 514 A.2d 352, cert. denied,201 Conn. 809, 515 A.2d 378 (1986).
 While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes, or from the facts which he knows, should realize that there is a strong probability that harm may result even though he hopes or even expects that his conduct will prove harmless.
(Citations omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 103,491 A.2d 368 (1985). "Recklessness is a state of consciousness with reference to one's acts. . . . The state of mind amounting to recklessness may be inferred from conduct." Begley v. Kohl Madden Printing Ink Co., 157 Conn. 445, 450-451, 254 A.2d 907
(1969).
"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound innegligence." (Emphasis added.) Brown v. Branford, CT Page 1222812 Conn. App. 106, 110, 529 A.2d 743 (1987).
 In order to maintain a cause of action sounding in recklessness, the claim of recklessness must be set out separately from any claim of negligence and must specifically identify the conduct which is alleged to have been reckless. See Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 124, 138 [, 479 A.2d 231] (1984). . . .
(Additional citations omitted.) Doyle v. Christensen,2 Conn. L. Rptr. 149, 150 (July 18, 1990, Walsh, J.).
The second count of the plaintiff's complaint contains the additional allegations that the defendant knew or should have known of the dangerous condition causing the accumulation of the caustic solution on the floor in the immediate area where the plaintiff was working, and that the defendant knew of the dangerous nature of the solution. Accordingly, the plaintiff has specifically identified the conduct which is alleged to have been reckless. See Warner v. Leslie-Elliot Constructors. Inc.,194 Conn. 124, 138, 479 A.2d 231 (1984). Therefore, the defendant's motion to strike the second count of the plaintiff's complaint and the second prayer for relief is denied.
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN