[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE #113)
The defendant, Infinity Insurance, has moved to strike theSecond Count of the plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted. Said Second Count alleges a claim for recklessness in the context of an uninsured motorist claim, in order to establish a right to double and treble damages pursuant to Connecticut General Statutes § 14-295. The defendant claims that such damages cannot be claimed in an action for uninsured motorist benefits, and additionally, that the Second Count fails to meet the standard for the imposition of such damages.
The plaintiff objects, stating that a claim against an uninsured motorist provision is an action sounded in contract, and that the terms of the contract and their meaning is a question for the fact finder. The plaintiff additionally claims that pleading of a violation of Connecticut General Statute§ 14-222 sets forth a viable cause of action seeking punitive relief.
A motion to strike is a proper method to challenge the legal sufficiency of one or more counts of the complaint. Practice Book
Sec. 10-39, Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). "The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief may be granted." Doe v. Hartford RomanCatholic Diocesan Corp., 45 Conn. Sup. 388 (1988); NovametrixMedical Systems Inc. v. BOC Group, Inc. 224 Conn. 210, 214-215
(1992). When ruling on a motion to strike, the court is limited to the facts alleged in the complaint, King v. Board of Educationof Town of Watertown, 196 Conn. 90, 93 (1985), and cannot be aided by the assumption of facts not therein alleged. LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). However, the court must construe the facts in the complaint most favorably to CT Page 13280 the plaintiff. Faulkner v. United Technologies Corp.,240 Conn. 576, 580 (1977). The sole inquiry in ruling on a motion to strike is whether plaintiff's allegations, if proved, would state a cause of action. Doyle v. A P Realty, 36 Conn. Sup. 126, 127
(1980). If the facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v.Autori, 236 Conn. 820, 825 (1996).
 I CAN A PLAINTIFF RECOVER DOUBLE OR TREBLE DAMAGES IN AN UNINSURED MOTORIST CLAIM
The plaintiff claims that the Second Count is viable as it "merely alleges a breach of contract." A review of the Second Count reveals that except for new paragraph six, which alleges "recklessness" due to a violation of Connecticut General Statute§ 14-222, the Second Count has incorporated the identical paragraphs of the first Count, which action is sounded in negligence. At no time is a breach of contract alleged in the Second Count. The court in ruling on a motion to strike is limited to ruling on the facts alleged in the complaint, King v.Board of Education of Town of Watertown, supra, 195 Conn. 93. Reference is made in the Second Count to the applicable auto insurance policy and its existence, but the plaintiff has not specifically pleaded allegations to remove the question of insurance coverage from the language of Connecticut GeneralStatute § 38a-336(2)(c) which states in part, "Each automobile insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." The court in viewing the allegations in the Second Count, is left to speculate as to whether or not the subject policy contains this language. The court cannot assume facts not alleged in the complaint. Liljedahl Bros., Inc. v.Grigsby, supra, 215 Conn. At 348.
The court in Bodner v. United Services Automobile Assn.,222 Conn. 480 (1992) and Caulfield v. Amica Mutual Ins. Co.,31 Conn. App. 781 (1993), reviewed actual insurance policy provisions in their respective decisions. They were reviewing arbitration awards in which policy provisions had been interpreted by arbitrators, and subsequently the trial courts. This court has no policy provisions to review, nor has the plaintiff pleaded sufficient allegations in the Second Count regarding any policy CT Page 13281 provisions to give this court reason to question the reasoning of the Bodner and Caulfield decisions. Those decisions hold that a claimant may not recover common law punitive damages from an insurer under the uninsured motorist provisions of a policy, and that double and treble damages set forth in Connecticut GeneralStatute § 14-295 are not recoverable under an uninsured motorist endorsement. Bodner v. USAA, 222 Conn. 480 (1992); Caulfield v.Amica Mutual Ins. Co., 31 Conn. App. 781 (1993).
 II DOES THE PLEADING OF A VIOLATION OF C.G.S. 14-222 SUPPORT A CAUSE OF ACTION FOR RECKLESSNESS
Paragraph 6 of the Second Count of the plaintiff's complaint alleged that the vehicle collision was due to the reckless operation of the uninsured motorist's vehicle in violation ofConnecticut General Statutes § 14-222, and that "such violation was a substantial factor in causing the plaintiff's injuries." A plaintiff must allege facts that show that a defendant made "a conscious choice of a cause of action either with knowledge of the serious danger to others involved in it, or with knowledge of facts which would disclose this danger to any reasonable man. . . ." Bishop v. Kelly, 206 Conn. 6-8, 614-615 (1988) (citing Begley v. Kohl and Madden Printing Ink Co.,157 Conn. 445, 450-451 (1969). In order for a person's conduct to give rise to the level of recklessness, that person must realize that his conduct involved a risk so substantial that his conduct goes beyond negligence. Id. There must be something more than failure to use reasonable care, something more than gross negligence.State v. Edwards, 22 Conn. Sup. 391 (1961); Dubay v. Irish,207 Conn. 518, 532-533 (1988). The court agrees with the defendant that the plaintiff's Second Count of her complaint lacks any allegation of specific conduct beyond violating ConnecticutGeneral Statute 14-222, which alleges merely reckless conduct. Simply using the word reckless or recklessness and repeating the allegations of negligence, is not enough to sustain the plaintiff's Second Count. Dumond v. Denehy, 145 Conn. 88, 91
(1958).
The defendant in its Memorandum of Law has cited numerous Superior Court decisions stating that specific allegations setting out the conduct that is claimed to be reckless or wanton must be made. Comparone v. Cooper, 7 Conn. L. Rptr. No. 9 (Sept. 21, 1992) (Lewis, J); Leaksealers, Inc. v. Connecticut NationalCT Page 13282Bank, No. CV92-0517952, 1995 WL 384611 (Conn.Super.Ct., June 20, 1995 (Hennessey, J.); George v. Leopold, No. 314997, 1996 WL 649296 at *4 (Conn.Super.Ct., October 31, 1996) (Moraghan, J.).
A number of superior court decisions have held that specific factual allegations describing reckless conduct are necessary to state a claim under Connecticut General Statutes § 14-295. Reedv. Sesta, CV98-0577273 Conn. Super. Ct. (1998 WL 389213) (Aurigemma, J.); Jones v. Albee, CV93-0349998 Conn. Super. Ct. (J.D. New Haven) (Nov. 3, 1993) (Hartmere, J.); Burns v.Brewster, Superior Ct., J.D. of Fairfield, D.N. 308588 (March 22, 1994) (Rodriguez, J.); Minervini v. Pierce, 1993 WL 21223 (Conn.Super.) (Sylvester, J.). This court adopts this line of reasoning.
Accordingly for the reasons stated herein, the defendant's Motion to Strike the Second Count of the plaintiff's complaint is hereby granted.
THE COURT,
by Arnold, J.