[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (Motion to Strike)
Defendant Quinnipiack Valley Health District has filed a motion to strike the Ninth Count of the plaintiffs' Revised Complaint dated November 20, 2000, pursuant to Practice Book § 10-39. Quinnipiack argues that said Ninth Count fails to state a claim upon which relief can be granted in that the plaintiffs have failed to allege sufficient facts to support a claim against Quinnipiack for wanton and reckless conduct.
The plaintiffs allege that on or about August 26, 1996, they entered into a contract with the defendant Exceptional Subs, Inc., a/k/a Exceptional Properties, Inc. for the construction of a new home in Woodbridge, Connecticut. Shortly after the closing of title, the plaintiffs allege that the septic system began to fail due to improper installation. As a result of the improper installation as alleged, the plaintiffs' backyard is soggy and unusable and noxious fumes are being emitted. The plaintiffs claim that this situation poses a serious health risk to them.
Counts One through Eight of the Revised Complaint are directed at co-defendants Exceptional Subs, Inc. a/k/a Exceptional Properties, Inc., Pasquale Martorelli and William Murdy, Sr. The defendant Martorelli, was to install the septic system. However, he retained the services of the defendant Murdy, Sr. to install the septic system. The plaintiffs allege that Murdy, Sr. was an unlicensed, unqualified and unauthorized contractor.
In Count Nine which is the subject of the motion to strike and which is the only count directed against defendant Quinnipiack it is alleged that:
 "The damages suffered by the Plaintiffs were caused by the actions of the agents, servants and/or employees of the Defendant QUINNIPIAC VALLEY, HEALTH DISTRICT acting within the course and scope of their agency and/or employment and in the furtherance of a ministerial and/or proprietary function and in reckless disregard for health and safety in one or more of the following respects:
 a. in that it permitted the septic system to be installed by an unlicensed contractor;
CT Page 880
 b. in that it issued a permit to the Defendant, PASQUALE MARTORELLI, and permitted the installation of the septic system under that permit by the Defendant, WILLIAM MURDY, SR., when they knew or should have known that the Defendant, WILLIAM MURDY, SR., was unlicensed, unauthorized and unqualified to perform the installation;
 c. in that it issued a permit to the Defendant, PASQUALE MARTORELLI, and permitted the installation of the septic system under that permit when they knew or should have known that the Defendant, PASQUALE MARTORELLI, was not performing the installation nor supervising the installation;
 e. in that it failed to properly inspect the work during the installation process;
 f. in that it failed to warn the Plaintiffs that the system had been installed improperly;
 g. in that it failed to enforce the applicable statutes, regulations and/or codes dealing with the installation of septic systems."
As a result of the actions of the agents, servants and/or employees of the Defendant, Quinnipiack Valley Health District, the Plaintiffs are required to install a new leaching field and/or septic system. The Plaintiffs have incurred or will incur expenses for the installation of a new leaching field and/or septic system and expenses for excavation, inspection, redesign and pumping all to the Plaintiff's loss and damage.
 I
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted."Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368(1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v.Aetna Life and Casualty Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988). CT Page 881
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v. SimsburyVolunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822(1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchardv. People's Bank, 219 Conn. 465, 471, 594 A.2d 1(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982).
The court agrees with the defendant Quinnipiack that the plaintiffs have failed to allege sufficient factual allegations to support their claim that Quinnipiack engaged in reckless or wanton misconduct. Recklessness "requires a conscious choice of a course of action with knowledge of the serious dangers to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." The actor "must recognize that his conduct involves a risk substantially greater. . . . than that which is necessary to make his conduct negligent. Rogers v. Doody, Conn. 532, 535 (1935). The CT Page 882 conduct must be more than negligence and more than gross negligence. Begley v. Kohl Madden Printing Inc. Co.,157 Conn. 445, 450-451 (1969). "The mere use of the [word] `reckless' is insufficient to raise an actionable claim of reckless . . . misconduct." Sheiman v.Lafayette Bank and Trust Co., 4 Conn. App. 39, 46,492 A.2d 219 (1985).
The actions attributed to the defendant Quinnipiack by the plaintiffs sound as negligence and are not sufficient to infer a state of mind of recklessness. The plaintiffs have not alleged facts that Quinnipiack knew, or had sufficient facts before it to know that its actions involved a serious danger to others or that Quinnipiack's actions showed an extreme departure form ordinary care.
"Where one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and simply [refers] to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." McDermott v. Calvary BaptistChurch, 1998 Conn. Super. LEXIS 3387, Docket No. CV 95 050372 (December 1, 1998) (Flynn, J).
Accordingly the Ninth Count of the Revised Complaint, dated November 20, 2000 is hereby stricken.
By the Court,
Arnold, J.