MICHAEL F. MOONEY *v.* MICHAEL W. WABREK.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, Js.

Argued June 4—decided July 16, 1942.

*Harrison D. Schofield,* with whom was *John W. Joy,* for the appellant (defendant).

*Robert P. Butler,* with whom were *Paul Volpe* and *Harold W. Garrity,* for the appellee (plaintiff).

AVERY, J.   The plaintiff, a pedestrian, while crossing a highway in the town of Manchester, was struck by an automobile operated by the defendant. He brought this action to recover damages for the injuries which he claimed to have suffered.  After a trial to the jury a verdict was returned in favor of the plaintiff.  The defendant moved to set it aside and appealed from the denial of that motion, but upon this appeal only claims that the plaintiff was guilty of contributory negligence as matter of law.  He also appealed from the judgment, alleging various errors in the charge. As stated in his brief, however, the questions to be reviewed are whether the court erred in charging the jury that if they found the defendant had been driving recklessly contributory negligence would not be a defense; whether the plaintiff was guilty of negligence as a matter of law; and, whether damages were excessive.

Taking the view of the evidence most favorable to the plaintiff, the jury might reasonably have found these facts: Hartford Road is one of the main roads leading out of Manchester, running in an easterly and

westerly direction and intersected from the north, but not crossed, by Fairfield Street. At the point of intersection Hartford Road is thirty-five feet in width from curb to curb and straight for more than three hundred and fifty feet to the east, affording an unobstructed view for that distance. Between 6:30 and 7 o'clock in the morning traffic on Hartford Road, in both directions, was usually busy at the intersection, the neighborhood being fairly thickly settled with residences and stores. The defendant was familiar with this condition. Shortly before 7 o'clock, the plaintiff was walking in a southerly direction along the west side of Fairfield Street towards Hartford Road. He was a tall man and took a stride of three feet and was walking at a brisk walk but at no time running. It was raining at the time. When the plaintiff was about fifteen feet from the north curb of Hartford Road he looked to the right and saw the car of a friend slowing down and coming to a stop on the south side of Hartford Road and headed in an easterly direction. The plaintiff waved to the friend, intending to enter that car and proceed to the factory in Manchester where both the plaintiff and his friend were employed. The plaintiff, continuously in motion at a good brisk walk, looked to his left when about ten feet from the north curb of Hartford Road and saw the defendant's car over three hundred feet away and approaching, traveling in a westerly direction along Hartford Road. Its speed was at least forty miles an hour. As the plaintiff reached the curb, he looked to his right the second time and took a long step over the gutter in order to clear water standing there, and continued at a brisk walk to the center of the road. He then heard a swishing noise, looked up and saw the defendant's car bearing down upon him about thirty to thirty-five feet away about in the center of

the Hartford Road and bearing to the left. The plaintiff then swung around and was struck by the right front fender with great violence and his body hurled through the air to a grass plot on the northwest corner of the intersection. The left side of the defendant's car passed about three feet north of the standing car of the plaintiff's friend which the plaintiff intended to take and struck another car parked in the rear. With the exception of the three cars described, there was no other traffic at the intersection at that time.

The defendant did not blow his horn or give any warning signal of his approach, although he saw the plaintiff, when the latter was yet about twenty feet from Hartford Road, walking fast towards it. At that time the defendant was considerably more than three hundred feet away from Fairfield Street and had a clear and unobstructed view of the plaintiff and of the two cars moving easterly on Hartford Road and slowing down as they approached the Fairfield Street intersection. When the plaintiff had reached a point in Hartford Road eight or nine feet from the northerly curb, the defendant swerved and, when he saw that he would not avoid hitting the plaintiff, applied his brakes. These were not applied until the car had reached the easterly curb line of Fairfield Street about thirty to thirty-five feet from the plaintiff. His brakes were constantly applied thereafter until the car stopped about eighty feet west of the point where the plaintiff was struck. At the time the plaintiff reached the center of Hartford Road there was approximately seventeen feet of room for the defendant to pass along the northerly side of Hartford Road without striking the plaintiff. We cannot hold that the plaintiff was guilty of contributory negligence as a matter of law.

The trial court charged the jury that recklessness

meant the operation of a motor car without regard to the safety of others, without regard for their life or limb; that it was a high degree of misconduct in the operation of a motor vehicle, and if recklessness was present then negligence on the part of the plaintiff contributing to his injury would not be a defense to recklessness on the part of the defendant. The defendant does not claim that the trial court erred in the substance of its instructions on reckless driving, but claims that recklessness was not alleged in the complaint and that no basis for a claim of recklessness had been established in the evidence. The complaint alleged that the injuries to the plaintiff were caused by the "recklessness, carelessness, and negligence" of the defendant, with a specification of the several respects in which this was claimed to be so, and that he operated his car "in a reckless, careless, and negligent manner having regard to the width, travel and use of the highway and the rights of others in the highway, and particularly, without regard to the position of the Plaintiff who was then and there a pedestrian on said highway," with some additional allegations of negligence.

In *Puza* v. *Hamway*, 123 Conn. 205, 211, 193 Atl. 776, where a complaint alleged that a collision was caused solely by the "negligence" of the defendant while driving his automobile in a careless, reckless and negligent manner, and several specifications of negligence followed, we held that the gravamen of the complaint was negligence and that the trial court did not err in refusing to charge the jury as to the effect of reckless misconduct upon the part of the defendant. In *Brock* v. *Waldron*, 127 Conn. 79, 14 Atl. (2d) 713, where we had before us a complaint somewhat similar to that in this case, we said (p. 80) that it did not

state with desirable accuracy a cause of action for wanton misconduct and that a complaint intended to present such a ground of recovery should "employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." The defendant in his brief asserts that the first time there was any indication of a claim of reckless misconduct was when the trial court charged the jury, but nothing in the record substantiates that claim. We must approach the case as one which was tried on the allegations of the complaint without objection made by the defendant to the submission of that issue to the jury until after the verdict was rendered. Although the complaint should have conformed to our admonition in the *Brock* case, we cannot hold that its allegations were insufficient to justify the trial court in submitting the issue to the jury. *Ziman* v. *Whitley,* 110 Conn. 108, 110, 147 Atl. 370.

Briefly to summarize the plaintiff's claims of proof as to the conduct of the defendant, they are: When the defendant was more than three hundred feet from the intersection he saw the plaintiff approaching it some twenty feet away from Hartford Road. He had thereafter a clear and unobstructed view of the intersection, but it is not found whether he saw the plaintiff again until he was thirty or thirty-five feet from him. At that point he applied his brakes and swerved slightly to the left. Until the brakes were applied he continued at a speed of at least forty miles an hour. He gave no signal of his approach to the intersection. There were seventeen feet between the plaintiff's position when he was struck and the northerly street curb, and the defendant might have turned to his right and so avoided the accident. It was raining. The neighborhood is fairly thickly settled and, as the

defendant knew, at the hour of the accident there is a large amount of vehicular traffic on Hartford Road, but there was no evidence that any large amount of pedestrian traffic was to be expected. Recklessness is a state of consciousness with reference to the consequences of one's acts. *Commonwealth* v. *Pierce,* 138 Mass. 165, 175. It "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man," and the actor "must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." Restatement, 2 Torts, § 500, comment g; *Rogers* v. *Doody,* 119 Conn. 532, 535, 178 Atl. 51. It is "more than negligence, more than gross negligence." *Bordonaro* v. *Senk,* 109 Conn. 428, 431, 147 Atl. 136. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. In *Brock* v. *Waldron,* supra, the plaintiff was walking across a four-lane well-lighted street intersection in Bridgeport and was struck by the defendant's car when about in the middle of it. The car was going fast. The defendant did not see the plaintiff until within a few feet of him. He gave no warning of his approach. We held that the defendant could not reasonably be found guilty of reckless misconduct. See also *Anderson* v. *Colucci,* 116 Conn. 67, 163 Atl. 610; *Vanderkruik* v. *Mitchell,* 118 Conn. 625, 173 Atl. 900; *Decker* v. *Roberts,* 125 Conn. 150, 3 Atl. (2d) 855. The plaintiff's claims of proof were insufficient to justify submitting to the jury the issue of reckless

misconduct as a basis for removing contributory negligence from their consideration.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.