STATE OF CONNECTICUT *v.* RICHARD J. LAFRANCE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 14-17535

Argued January 13—decided March 10, 1964

*Louis F. Chrostowski,* of Hartford, for the appellant (defendant).

*Sebastian J. Russo,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. In a trial to the court without a jury, the defendant was found guilty of reckless operation of a motor vehicle, in violation of § 14-222 of the General Statutes, and has appealed. The only assignment of error pursued on the appeal is that

the trial court could not properly, upon all the evidence, find the defendant guilty. Although the assignments of error also attack the finding of facts, these claims, on oral argument, have been expressly withdrawn and are considered waived. The finding, amply supported by the evidence, shows the following essential facts. On June 22, 1963, at about 6:05 p.m., a Hartford police officer was proceeding in a police cruiser in a northerly direction on Wolcott Street in Hartford. Park Street intersects Wolcott Street and runs generally east and west. Motor vehicle and pedestrian traffic was heavy in the general area of the intersection and for some distance east and west on Park Street. The officer stopped at the southeast corner of the intersection and his attention was directed to his left, that is, in a westerly direction on Park Street, by the sound of spinning wheels and a "heavy" motor. The noise came from a vehicle being operated by the defendant in an easterly direction on Park Street; the vehicle was about a block west of the intersection. Four pedestrians had to jump back to avoid being struck by the defendant's automobile. When the defendant, who testified, observed the police cruiser, he slammed on his brakes, causing them to screech, and swerved to the left of the center line of the highway. The speed of the defendant's car was not clocked or estimated. Park Street is forty feet wide with two moving lanes and two parking lanes. There is a solid white line in the center of Park Street. Upon these facts the trial court could reasonably have concluded that the defendant was guilty of reckless driving in violation of the statute.

"Recklessness is a state of consciousness with reference to the consequences of one's acts." *Mooney* v. *Wabrek,* 129 Conn. 302, 308; *Commonwealth* v. *Pierce,* 138 Mass. 165, 175. Reckless driving under the statute "does not lie in speed alone, but in that

and other circumstances which together show a reckless disregard of consequences." *State* v. *Andrews,* 108 Conn. 209, 214; see also *State* v. *Camera,* 132 Conn. 247, 250.

The nub of the defendant's argument seems to be the claim that the court erred in disregarding the testimony of a witness who was offered by the defendant and who allegedly was an impartial observer and was in a position to observe because his car was following that of the defendant. This testimony in some particulars was in conflict with that of the police officer. We have examined the evidence and find no basis for the defendant's claim. The trial court is the sole judge of the credibility of the witnesses and the weight to be accorded to their testimony. This court cannot retry the case. *Ramadei* v. *Saccavino,* 150 Conn. 700; *State* v. *Coulombe,* 143 Conn. 604, 607.

There is no error.

In this opinion PRUYN and LACEY, Js., concurred.