STATE OF CONNECTICUT *v.* CHARLES VERTEFEUILLE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 11-11302

Argued November 29—decided December 17, 1965

*Irwin I. Krug,* of Willimantic, for the appellant (defendant).

*Jerome A. Rosen,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant, after a trial to the court, without a jury, was found guilty of driving an automobile recklessly, in violation of General Statutes § 14-222, and has appealed from the judgment. His sole assignment of error is that the court could not, upon all the evidence, have found him guilty of the crime charged beyond a reasonable doubt. No finding was requested or made, nor was one necessary. Practice Book § 995. Under such an assignment, this court examines all the evidence as disclosed by the transcript of evidence filed by the appellant.

The essential facts are not seriously disputed. On July 14, 1965, at about 5:45 p.m., the complaining

witness, Mary Jane Cunningham, was operating her 1965 Mustang automobile on a public highway known as route 6 in the direction of Willimantic. She had as passengers in her car Nancy Norman, age fourteen, and Jeff Norman, age ten. She was driving at a speed of thirty-five or forty miles per hour in a section where the posted speed limit was fifty miles per hour. The road was straight, and the location in question was in a passing zone. There was moderate traffic proceeding in both directions. The defendant was operating his mother's automobile to the rear of the Cunningham car and in the same direction. While so doing, he came very close to the rear of the Cunningham vehicle and then, by slackening his speed, permitted that vehicle, which was being driven at a constant speed, to draw away. The defendant then accelerated his speed and came up fast, striking the Cunningham car lightly in the rear. He repeated the operation a second time, again striking the car in the rear. The Cunningham car then drove to the side of the road and stopped. The defendant passed and went on his way. There was no appreciable damage to the Cunningham car, and its occupants were not physically injured. The defendant was a stranger to the occupants of the Cunningham car.

Both on trial and on appeal the parties confined themselves to the portion of § 14-222 which reads: "(a) No person shall operate any motor vehicle upon any public highway of the state . . . recklessly, having regard to the width, traffic and use of such highway, . . . the intersection of streets and the weather conditions." The only question before us is whether the defendant's conduct constituted reckless driving. We are not concerned with what the motives or intentions of the defendant might have been or whether he meant to do harm, attract attention, inject consternation, inspire fear, make way for himself in his haste, or indulge his ebullience in what to

him may have seemed a playful prank. No individual motorist is master of our highways, which are built and maintained for public use. That no harm resulted from the defendant's acts is not a proper criterion to apply to his conduct. The law was designed to eliminate or preclude the probable or even possible causes of harm arising from the prohibited acts and is not limited to those cases where harm occurs. "A person is guilty of reckless misconduct [under the statute] when he intentionally does an act, or fails to do an act in violation of his duty, with knowledge of the serious danger to others involved in it or of facts which would disclose that danger to a reasonable man." *State* v. *Camera,* 132 Conn. 247, 250. "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . The state of mind amounting to recklessness may be inferred from conduct." *Mooney* v. *Wabrek,* 129 Conn. 302, 308.

The testimony of the defendant that the bump occurred when he was forced back into his line of traffic by an oncoming car, appearing suddenly and unexpectedly, the trial court could believe or disbelieve. It was a matter of credibility. At most it might tend to account for one of three successive and similar incidents. This could lead reasonably to the conclusion of the trial court that the defendant's acts amounted to a persistent course of conduct after a warning of danger, that this conduct was wilful and intentional, and that the defendant was guilty of reckless driving as defined in the statute. Cf. *State* v. *Frowein,* 3 Conn. Cir. Ct. 21, 25.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.