[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT
This is a motion for summary judgment. The defendant has the burden of showing as to each count at which the motion is directed that there is a genuine issue of material fact. The parties do not seem to dispute the underlying facts which gave rise to this complaint. The three plaintiffs were students at a city highschool and were assaulted and stabbed in the school by CT Page 6534 non-students who entered the school. The motion is directed at several counts.
In count one it is alleged that defendant security guards failed to prevent the assault or otherwise ensure the plaintiffs' safety. The second count sounds in negligence and is directed against the principal for failure to secure a safe school environment. Count three lies against the school superintendent and the individual members of the board of education. The motion is also directed against the eight count and alleges one of the security guards acted with reckless disregard of the plaintiffs' safety.
Both sides first address the question as to whether individual board members are proper defendants. The defendant board members point to Arvoy v City of Stamford 2 Conn. L Rptr 317, 318 (1990) where the court said it could find no authority for the proposition that individual board members could be held liable as to a claim involving the formulating and implementing of rules of conduct for students, Grimes v Houser 10 Conn. L Rptr 14 (1993) adopts the same position citing Arvoy.
From a logical point of view it would seem difficult to see how the individual members of the board could be proper defendants. In all the alleged acts or failures to act board members did not act as individuals but the board acts as a board — I assume by agenda, rules of order and majority vote. Rather than getting bogged down in this question I will follow the analysis of the Arvoy court. Assuming the individual board members are proper defendants can they be held liable to the plaintiffs under the doctrine of governmental immunity, see Arvoy v Stamford Id. p. 319, Heigl v Board of Education 218 Conn. 1, 3 (1991).
The court will discuss the motion as it is directed against Count One, Two, and Three and then the motion as it is directed against Count Eight.
(1)
In addressing whether a city or town employee or a city itself or board or agency is liable in tort a two tiered analysis is required. The first question is whether a duty owed by an official is public or private.
"If the duty . . . is of such a nature that CT Page 6535 the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, (it) is one which imposes upon the official a duty to the individual and if the official is negligent in the performance of that duty he (sic) is liable to the individual", Leger v Kelly 142 Conn. 585, 590 (1955)[.]
Here there is no real dispute that the duty involves is a "public duty". In that case whether liability will be imposed turns on another set of considerations.
The most instructive decisions in this seemingly overcomplicated area are Evon v Andrews 211 Conn. 501 (1989) and Judge Lewis's opinions, Letowt v City of Norwalk41 Conn. Sup 402 (1989), Arvoy v City of Stamford 2 Conn. L Rptr 317 (1990). The following general observations should be made from these cases:
 "While `a municipality itself was generally immune from liability for its tortious acts at common law . . . . its employees faced the same personal tort liability as private individuals . . .' A municipal employee (however) has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperform a ministerial act as opposed to a discretionary act . . . The word ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion;" Evon v Andrews 211 Conn. at page 505[.]
Commenting on Evon Judge Lewis in Arvoy at 2 Conn. L Rptr at page 319 says Evon v Arvoy
 "indicates that the inquiry regarding governmental immunity is a different although `parallel analysis' from that involved in assessing liability of municipal employees. These CT Page 6536 employees . . . . are immune from liability for negligence unless (i) the act is ministerial rather than discretionary; or (ii) the identifiable person/imminent harm rule of Shore v Stonington 187 Conn. 147, 150 . . . (1982) applies or (iii) a statute so provides; or (iv) the acts involve malice, wantoness or intentional harm. . . ."
The central issues in this case as to liability involve considerations of the ministerial/discretionary activity distinction and the so-called identifiable person/imminent harm rule of Shore v Stonington[.]
(a)
If an act is ministerial there is no governmental immunity; if it is discretionary there is. Although the issue of whether the acts of a municipal employee were ministerial or discretionary has been regarded as an issue of fact, in the appropriate circumstances it can be an issue of law, Evonv Andrews supra (failure to inspect), Letowt v Norwalk supra (driving of police car), Arvoy v Stamford supra (formulating and implementing rules for student conduct).
The above quote from Evon gave a shorthand definition of ministerial acts which included a notion of what are discretionary acts. Is the duty one to be performed in a prescribed manner? Does it involve the exercise of judgment or discretion? Judge Lewis referred to the case of EvangelicalUnited Brethren Church of Atna v State 407 P.2d 440 (Wash, 1965) which said at page 445 the following questions should be posed in deciding whether an act is ministerial or discretionary: "(1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program or objective?
 (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy CT Page 6537 evaluation, judgment and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision? If these preliminary questions can be clearly and unequivocally answered in the affirmative, then the challenged act, omission, or decision can, with a reasonable degree of assurance, be classified as a discretionary governmental process and nontortious, regardless of its unwisdom.
This is the test what then are the acts complained of which form the basis of this suit? Are they ministerial or discretionary in nature? The fairest source for the characterization and description of these acts are set forth in the plaintiffs' brief who are resisting this motion.
The acts complained of (as to the Board and its members)
failure to fashion and implement adequate, or
 fashioning and implementing insufficient, policies regarding security measures and reporting procedures for school employees and/or
 failure to inspect the practices of security, teaching and transportation personnel, and as such, created a nuisance that endangered the Plaintiff.
The acts complained of (as to the principal, Anna Salamone-Consoli)
 although she allegedly was aware or should have been aware of the presence of non-students, she failed to take appropriate action to remove the non-students
 failed to properly monitor and control the practices of security, teachers and bus drivers,
failed to inspect and discover the lack of proper CT Page 6538 protection and security of the students,
failed to enforce compliance with security measures,
 negligently hired security personnel, teachers or bus drivers,
 failed to assign an adequate number of security staff, she allowed the school to become unsafe,
 failed to adequately train employees in security measures, and
failed to enforce applicable school ordinances.
The acts complained of (as to the Superintendent of Schools)
 failed in his duty to fashion and implement proper security policies
 failed to inspect or ensure inspection of the practices of security, teaching and transportation personnel,
 in derogation of his statutory duty under Sections 10-220, 10-221 and/or Section 52-557, as well as his duties pursuant to his employment and/or contract with the Board of Education with the City of Hartford.
The acts complained of (as to the security guards) are that they failed not only to prevent the subject attack from occurring, but failed to intervene and protect or otherwise insure the safety of the Plaintiff students.
Regarding the alleged acts of the Board and its members, as to the principal, and as to the Superintendent of Schools it would be hard to define these acts or failures to act as other than discretionary activity; "formulating and implementing rules and regulations for the conduct of students surely appears to be discretionary if anything is" Arvoy v Stamford 2 Conn. L Rptr at page 319.
If the acts alleged are examined in more detail the discretionary nature of the allegations becomes obvious. Thus, as to the board and its members it's alleged that there was a CT Page 6539 failure to fashion adequate policies, any policies were insufficient. There is an allegation of failure to inspect practices of various employees but no documentation is submitted to support this allegation and query whether it would be a discretionary judgment on the board's part to delegate the responsibility to others. The acts forming the basis of the complaint against the principal are completely discretionary in nature and involve decisions on her part whether wise or unwise as to how much time and effort she afforded to the tasks alleged. The same can be said as to the superintendent of schools. Broad allegations are made against this official of failure to comply with statutory duties in formulating rules as to security §§ 10-220, 10-221) but the statute doesn't dictate particular rules and policies and no affidavit has been submitted to show no
such rules or policies were enacted.
As to the security guards the acts or failures to act on their part set forth in the complaint are discretionary. But I believe under Shore v Stonington 187 Conn. 147, 156 (1982) the discrete person/imminent harm rule might provide the basis for liability. Statements attached to the plaintiffs' brief allege that security guards stood by while actual assaults took place. Under Shore v Stonington mere failure to prevent unauthorized parties from entering a school might not be enough to create a "special" duty "to prevent harm to an individual" Id. p. 156 but when a student whose safety is entrusted to security personnel is attacked, these security employees can't hide behind governmental immunity when it is alleged they could of but did not prevent an attack on a student from taking place. Summary judgment is granted as to counts two and three and denied as to counts one and five. Interestingly although the defendant submitted affidavits from two of the guards that they were not on duty or not in the vicinity of the attack the actual motion was based on a claim of governmental immunity so I will only deal with that claim.
(2)
In the motion directed against count eight the defendant security guard Correa alleges that the plaintiffs have failed to make sufficient allegations of recklessness. The defendant notes that there must be more alleged than a violation of a standard of reasonable care Mooney v Warber 129 Conn. 302, 308 (1942). Also it is argued that the allegations in the negligence count (Court [Count] One) are "virtually identical" to the allegations in the CT Page 6540 reckless count, count eight. A series of cases are cited which stand for the proposition that a plaintiff cannot transform a negligence count to one for willful and wanton misconduct merely by appending a series of adjectives to allegations that clearly sound on negligence Doyle v Christianson 16 CLT #33 (1990), cfShuman v Lafayette Bank Trust Co. 4 Conn. App. 39, 40 (1985).
It is true that paragraphs 7 j and k of count one are similar to paragraph 6 b of count eight. Basically both alleged the security guard allowed the nonstudent assailants to enter and roam the school and observed the actual confrontation and walked away or did nothing to break it up.
These allegations are supported by two statements attached to the plaintiffs' brief.
The mere fact that the allegations and factual assertions in a reckless count are the same or similar to one in a negligence count shouldn't ipso facto mean the reckless count cannot be brought. The test is whether the facts alleged establish a reckless count. If they do all it would mean that the plaintiff is pleading in the alternative.
Here the allegations are that the security guard let the nonstudents enter and roam the school and did nothing to prevent or stop an assault in which a student she was assigned to protect was viciously stabbed. That would seem to raise a claim of reckless and wanton conduct.
The motion is denied as count eight.
Corradino, J.