[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to strike the fifth, sixth, seventh and eighth counts of the complaint which allege recklessness.
Each of these counts contains an allegation that the defendant:
 "Knowingly and with reckless disregard for the rights of others attempted to pass three lanes of a traffic despite the fact that his view of the furthest left of the northbound lanes of traffic was blocked by stopped traffic in the two right north bound lanes, and in so doing endangered Gail Walter's life, for which the defendant . . . is also liable."
The sixth and eighth counts add the words "in violation of Connecticut General Statutes § 14-222.
Connecticut General Statutes § 14-222 reads, in pertinent part as follows:
 "No person shall operate a motor vehicle upon any public highway recklessly. The operation at such a rate of speed as to endanger the life of any person other that the operator of such vehicle. . ."
Operating recklessly requires a conscious choice of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to a reasonable person. There must be more than a failure to use reasonable care, something more than gross negligence. State v.Edwards, 22 Conn. Sup. 391 (1961).
Reckless driving does not lie in speed alone but in speed and CT Page 2355 other circumstances which together show a reckless disregard of circumstances. State v. LaFrance, 2 Conn. Cir. Ct. 500 (1964).
The court has reviewed the cases submitted by the defendant and the plaintiff.
While it is true that merely adding the words "recklessly", "knowingly" or "with reckless disregard" to the allegations in the negligence counts does not amount to a proper charge of recklessness in and of itself, under appropriate circumstances, certain facts may constitute recklessness. Thus, if the alleged facts constitute recklessness operation of a motor vehicle, using the same facts in the negligence count does not prevent them from also being reckless.
The test is whether the alleged facts amount to recklessness, which has been defined as:
 "a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But in order to infer it there must be more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take precautions to avoid injury to them."
Dubay v. Irish, 207 Conn. 518, 532-33 (1988).
In Dumond v. Denehy, 145 Conn. 88 (1958), the Supreme Court stated that the complaint failed to state with desirable accuracy a cause of action based on wanton misconduct.
 . . . a complaint should employ language explicit enough to clearly inform the court and counsel that reckless misconduct is relied upon a specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.
Dumond, supra, at 91.
Examples of factual situations where recklessness was found are few.
Driving down an icy hill in high gear. DeAntonio v. New HavenCT Page 2356Dairy Co., 105C, 66B (1927).
Speed in addition to other circumstances which together show a reckless disregard of circumstances. State v. Andrews, 108C, 209, 214 (1928).
Excessive speed passing a trolley car may be reckless driving where the trolley was slowing down to discharge passengers. Statev. Camera, 132 Conn. 247.
In the present case, the court finds that the conduct of the defendant fails to meet the test of recklessness as described by the above cases.
The motion to strike the fifth, sixth, seventh and eighth counts is hereby granted.
HURLEY, J.