[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
This is a civil action in which Gregorio Ayala, Jr., a minor plaintiff, seeks to recover damages for personal injury due to his alleged exposure to lead-based paint at two residences in Willimantic, Connecticut that he inhabited in 1992 and 1993. The two defendants against whom this motion is directed, Kurt S. Nygren and William C. Meehan, are allegedly the owner and landlord, respectively, of 27-29 Park St., Willimantic, Connecticut, where the plaintiff's family resided from March 1, 1993 through May 6, 1993. The defendant Willimantic Instant Printing owned another property where the plaintiff also allegedly suffered lead poisoning, but it is not a party to the motion at issue.
Meehan and Nygren ("the defendants") filed answers on October 6, 1995, and October 12, 1996, respectively, both of which contained the same special defense alleging negligent supervision by the parents of the minor plaintiff, Maribel Cruz and Gregorio Ayala, Sr. These defenses were stricken on the ground of parental immunity. Ayala v. Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450 20 CONN. L. RPTR. 25 (June 30, 1997, Lager, J.). The defendants then filed amended answers with identical special defenses purporting to allege that the parents were reckless.
The special defenses read: "If the minor plaintiff was injured and suffered the losses alleged in his complaint, which is denied, then such injuries and/or losses were proximately caused by the recklessness of Gregorio Ayala, Sr. and Maribel Cruz in that they saw the minor plaintiff chewing on the windowsill containing the alleged lead-based paint and/or directly ingesting lead-based paint on several occasions and recklessly disregarded the potential consequences thereof." The plaintiff has moved to strike these special defenses[1] on the ground that they do not allege substantial facts to support a claim of recklessness, and that the allegations are merely a repetition of the negligent supervision allegations from the stricken special defenses with the word "recklessness" added.
"A cause of action claiming . . . reckless misconduct is CT Page 446 `separate and distinct' from a cause of action alleging negligence." Belanger v. Village Pub I, Inc., 26 Conn. App. 509,513, 603 A.2d 1173 (1992), citing Kostiuk v. Queally,159 Conn. 91, 94, 267 A.2d 452 (1970). In this state, reckless misconduct has been treated as meaning the same as wilful or wanton misconduct, Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711
(1988), and all three terms mean "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Id., quoting W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214. Thus, for conduct to be reckless it must "egregious." See Doe v. Marselle,38 Conn. App. 360, 368, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996). Reckless conduct "must involve an easily perceptible danger of death or substantial physical harm, and the probability that it will so result must be substantially greater than is required for ordinary negligence." Restatement (Second) Torts, § 500, comment a.
Furthermore, recklessness is also distinguished from negligence by the state of mind required of the actor. In order to be reckless, "the actor . . . must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent." Id., comment g. "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or take reasonable precautions to avoid injury to them." Mooney v.Wabrek, 129 Conn. 302, 308, 27 A.2d 634 (1942).
To state a claim of recklessness, therefore, the defendants must allege facts demonstrating both egregious conduct and the requisite state of mind. The defendants claim that the specific factual allegation which supports their claim of recklessness is that the parents "saw the minor plaintiff chewing on the windowsill containing the alleged lead-based paint and/or directly ingesting lead-based paint on several occasions and recklessly disregarded the potential consequences thereof." While the allegations that the parents saw the child chewing on the windowsill or ingesting paint are certainly allegations of fact, the statement that the parents "recklessly disregarded the potential consequences thereof" is a conclusion. The defendant Nygren's memorandum[2] elucidates the facts supporting this CT Page 447 conclusion, however, when it states "the plaintiffs[3] saw their child engaged in a dangerous or potentially dangerous activity, on more than one occasion, yet did nothing about the same, disregarding the potential consequences thereof." (Emphasis supplied.)
Construing the allegations of the special defense in the light most favorable to the defendants, the claim of reckless conduct is that the parents did nothing when they saw their child chew on the windowsill or ingest lead-based paint. However, the failure to act to avoid danger to another or the failure to take reasonable precautions to avoid injury to another is not reckless conduct. Dubay v. Irish, supra, 207 Conn. at 532. This would be true even if the parents knew that the paint contained hazardous levels of lead, a fact not alleged. In Dubay, the court concluded that the plaintiff had "presented no factual allegations or evidence to raise even a suspicion that the defendant's conduct was wilful, wanton or reckless." (Emphasis supplied.) Id. While the plaintiff claimed that the defendant mother was reckless because she waited almost four hours to take her teenaged daughter, who had a history of suicide attempts, to the hospital after discovering that she had ingested some prescription medicine, the delay alone was not considered reckless in light of the other efforts which the mother took to help her daughter. See fn. 5, infra.
The factual threshold for reckless conduct is high. For example, in Begley v. Kohl Madden Printing Ink Co.,157 Conn. 445, 450-51, 254 A.2d 907 (1969), the following facts were found insufficient to submit the issue of recklessness to the jury: The defendant father allowed his 12-year old son to hang on to his car and be pulled along on his bicycle as he travelled slowly up a hill on a street where the terrain was very rough and bumpy. The father, who had limited ability to turn his head due to a neck fusion, did not know what part of the car his son was holding on to and could not see the child. Nonetheless, the father turned the car and accelerated without warning the child, who fell to the ground and was apparently dragged some distance up the road where he was found bleeding and unconscious. The level of risk involved in pulling a young child on a bicycle in this manner, which was found to be insufficient for recklessness, is surely greater than the level of risk in doing nothing when observing a child chewing on or ingesting painted surfaces in the home on several occasions. In order to state a claim for recklessness, the conduct must be far more "egregious" than that CT Page 448 alleged here.
Moreover, the special defense insufficiently alleges the state of mind for recklessness which "requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." Restatement(Second), Torts, § 500, comment g. The defendants' characterization of the child's chewing on a windowsill or ingesting paint, without more, as "dangerous or potentially dangerous" is disingenuous.[4] Many young children chew on objects in the home or place them in their mouth and some young children experience pica, which leads them to ingest nonfood substances such as dirt or paint. The state of mind necessary to support recklessness cannot be inferred from a parent's observation of a child's normal behavior of chewing on or ingesting ordinary substances found in and around the home. There are no facts alleged here to indicate the parents knew or should have known that allowing such behavior in these premises would expose the minor child to serious danger. Moreover, there are no facts alleged to show that the parents knew or should have known that either the windowsill or the paint contained dangerous levels of lead.[5] The mere use of the term "recklessly disregarded the potential consequences," a conclusion of law, does not establish the requisite state of mind for a claim for recklessness. See, e.g., Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 45, 492 A.2d 219 (1985).
Accordingly, since the special defenses fail to adequately allege facts indicating reckless conduct and the requisite mental state, the plaintiff's motion to strike is granted.
LAGER, J.