[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO STRIKE
In this case, the plaintiff Lindell Wiggins ("Wiggins"), a minor, seeks to recover damages for personal injuries he allegedly sustained due to his exposure to toxic levels of lead while he resided in premises owned by the defendant Francis A. Melendez ("Melendez"). The complaint contains five counts alleging causes of action based on negligence per se, common law negligence, implied warranty of habitability, recklessness and CUTPA.
Melendez has moved to strike the fourth count claiming that the plaintiff has simply added the words "willful, wanton and/or reckless disregard" to the factual allegations supporting the negligence counts. The fourth count incorporates paragraphs one through six of the first count and alleges that Wiggins was born on October 15, 1993 (¶ 2) and resided in the premises from approximately October 1993 through March 1996 (¶ 5) pursuant to a lease agreement between Melendez and Wiggins's mother, Danetta Holmes. (¶ 4). During the tenancy, it is alleged that Wiggins was CT Page 14186 exposed to toxic levels of lead (¶ 5) and that a lead-based paint hazard existed in the interior, exterior and common areas of the property prior to, as well as during, occupancy (¶ 6). Despite notice from the local health director that the property contained toxic levels of lead (¶ 7), Melendez "took no steps to put the property into a habitable condition and this failure constitutes a willful, wanton and/or reckless disregard of the rights of the plaintiff." (¶ 8)
"The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Kostiuk v. Queally, 159 Conn. 91, 94, 267 A.2d 452
(1970). In this state, reckless misconduct has been treated as meaning the same as wilful or wanton misconduct, Dubay v. Irish,207 Conn. 518, 532-33, 542 A.2d 711 (1988), and all three terms mean "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Id., quoting W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214. Thus, for conduct to be reckless it must "egregious." See Doe v. Marselle, 38 Conn. App. 360, 368,660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845,675 A.2d 835 (1996). To state a claim for recklessness, it must be alleged that the defendant engaged in egregious conduct with the requisite state of mind for recklessness. Ayala v. Meehan, Superior Court; judicial district of Windham at Putnam, Docket No. 049450 (January 27, 1998, Lager, J.).
Reckless conduct "must involve an easily perceptible danger of death or substantial physical harm, and the probability that it will so result must be substantially greater than is required for ordinary negligence." Restatement(Second) Torts, § 500, comment a. In order to be reckless, "the actor . . . must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent." Id., comment g. "Recklessness is a state of consciousness with reference to the consequences of one's acts . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or take reasonable precautions to avoid injury to them." Mooney v. Wabrek,129 Conn. 302, 308, 27 A.2d 631 (1942).
The sole allegation against Melendez in the fourth count is that "he took no steps to put the property into habitable CT Page 14187 condition" after receiving notice of lead hazards. The plaintiff relies on Tessman v. Tiger Lee Construction Co., 228 Conn. 42,634 A.2d 870 (1993) in support of the proposition that "the failure to act in the face of a known hazard can constitute recklessness." See Memorandum in Opposition to Defendant's Motion to Strike. This court has previously rejected the applicability of Tessman to a similarly worded recklessness count, noting it to be inapposite both as matter of law and fact. Rivera v.Ingenito, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 479186 (September 29, 1997, Lager, J.) at footnote 3. Although allegations of inaction combined with allegations of action may suffice to constitute actionable recklessness; see Tessman, supra, 228 Conn. 54-55; generally allegations of a failure to act, without more, do not amount to actionable recklessness. Ayala v. Meehan, supra; Riverav. Ingenito, supra; Diaz v. Shelat, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 467395 (March 16, 1998, Lager, J.).
The fourth count does not allege facts rising to the requisite level of egregiousness and does not allege any conduct on the defendant's part other than a failure to act. Accordingly, the motion to strike the fourth count is granted.
LINDA K. LAGER, JUDGE