[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Jerry Cochran, M.D. and Cassandra Tribble, M.D., move to strike (#146) the claims of willful and wanton misconduct in counts fourteen and sixteen of the complaint, the claims of third party emotional distress in counts twenty-six and twenty-eight and the claim for punitive damages. In an order dated October 29, 1999, the court, Judge D'Andrea, ruled on behalf of the other defendant, Greenwich Hospital, with respect to a claim of third party emotional distress and the aforementioned order becomes the law of the case. Accordingly, the court grants the defendants' motion to strike the claims of third party emotional distress in counts twenty-six and twenty-eight.
The court grants the defendants' motion to strike counts fourteen and sixteen because the plaintiffs did not allege specific facts to sustain claims of wilful and wanton misconduct. "Wanton misconduct is reckless misconduct . . . ." (Citations omitted; internal quotation marks omitted.) West Haven v.Hartford Ins. Co., 221 Conn. 149, 160, 602 A.2d 988 (1992). "A cause of action claiming wanton and reckless misconduct is "separate and distinct' from a cause of action alleging negligence." Belanger v. Village Pub I, Inc., 26 Conn. App. 509,513, 603 A.2d 1173 (1992). Moreover, "recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. . . ." (Internal quotation marks omitted.) Bishop v. Kelly,206 Conn. 608, 614-15, 539 A.2d 108 (1988). "Negligence is a separate and distinct cause of action from wilful and malicious misconduct." Lemoine v. McCann, 40 Conn. App. 460, 464,673 A.2d 115, cert. denied, 237 Conn. 904, 674 A.2d 1330 (1996). CT Page 2845
Although similar factual allegations may sustain claims for both negligence and recklessness, a claim of recklessness must allege that the defendant consciously pursued a course of action despite the fact that a reasonable person would have foreseen the substantial risk to the plaintiff. Compare Aekins-Islam v. WhitePlains Bus Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 154275 (September 22, CT Page 2846 1998, D'Andrea, J.) (denying motion to strike recklessness count when plaintiff sufficiently alleged "`the defendants knew, or had sufficient facts before them to know, that their actions, involved a serious danger to others, and that, despite knowledge of this substantial risk, nonetheless proceeded to make a conscious choice to disregard said risk.'"); Sullivan v. HoconGas, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 331786 (July 21, 1997, Hartmere,J.) (denying motion to strike recklessness count when plaintiffs alleged that defendants "`knew or should have known that their acts and/or omissions . . . would create a serious danger to others and to their property.'"); with Ayala v. Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450 (January 28, 1998, Lager, J.) (21 Conn. L. Rptr. 291, 292) (granting emotion to strike recklessness special defense when no facts alleged that the plaintiffs knew or should have known of the risk); Santagata v. Woodbridge, Superior Court, judicial district of New Haven at New Haven, Docket No. 384914 (December 26, 1997, Zoarski, J.) (granting motion to strike recklessness count when plaintiffs did not allege defendant made "a conscious choice . . . [and] merely injected the words "reckless, `wanton', `wilful', and `malicious' . . . in an attempt to state a separate cause of action.) In this present action, the plaintiffs claim wilful and wanton misconduct by the defendants without alleging that the defendants knew or should have known of the substantial risk to the plaintiff, Donna Klinkowize, and consciously disregarded the risk. Consequently, the plaintiffs have failed to state a sufficient claim of wilful and wanton misconduct by the defendants. Accordingly, the court grants the defendants' motion to strike counts fourteen and sixteen.
The court grants the motion to strike the punitive damage claim as to the defendants, Jerry Cochran, M.D. and Cassandra Tribble, M.D. "To furnish a basis for recovery of [punitive] damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct . . . (Internal quotation marks omitted.)Seymour v. Carcia, 24 Conn. App. 446, 451, 589 A.2d 7 (1991), aff'd, 221 Conn. 473, 604 A.2d 1304 (1992). Here, as previously stated, the court granted the motion to strike counts fourteen and sixteen claiming wilful and wanton misconduct by the defendants, Jerry Cochran, M.D. and Cassandra Tribble, M.D. Moreover, no other count alleges wilful and wanton misconduct by the defendants, Jerry Cochran, M.D. and Cassandra Tribble, M.D. Consequently, the plaintiffs cannot recover punitive damages against the defendants Jerry Cochran, M.D. and Cassandra Tribble, CT Page 2847 M.D. Accordingly, the court grants the motion to strike the claim for punitive damages against the defendants Jerry Cochran, M.D. and Cassandra Tribble, M.D.
In summary, the court grants the motion to strike counts fourteen, sixteen, twenty-six, twenty-eight, and the claim for punitive damages against the defendants Jerry Cochran, M.D. and Cassandra Tribble, M.D.
So Ordered.
Dated at Stamford, Connecticut this 28th day of February, 2000.
William Burke Lewis, Judge