[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO STRIKE
This is an action instituted by the plaintiff, Kelly Lombard, seeking money damages for injuries she allegedly sustained in a motor vehicle accident caused by the defendant, David Booth. The first count of the complaint asserts a claim for negligence. In the second count of the complaint, the plaintiff restates all of the allegations of the first count and adds the following claim: "The defendant deliberately or with reckless disregard operated his vehicle in violation of Sections 14-222
and 14-218 of the General Statutes."[1] As to the second count, the prayer for relief requests "double or treble damages pursuant to Section14-295 of the Connecticut General Statutes."
Pending before the court is the defendant's motion to strike the second count and that portion of the prayer for relief seeking double or treble damages. The defendant claims that the complaint fails to state sufficient facts to support a claim for double or treble damages, and fails to plead the requisite elements of an action under Section 14-295
of the Connecticut General Statutes. Section 14-295 provides the following: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222,14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
The law governing the court's consideration of a motion to strike is well established. See P.B. Sec. 10-39 et. seq. A motion to strike may be CT Page 9494 filed to contest the legal sufficiency of a count in a complaint or to contest whether the relief requested in a prayer for relief may be legally awarded. See, Gulack v. Gulack, 30 Conn. App. 305, 309 (1993);Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298 n. 4 (1984). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523, (2000). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must by denied." Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, (2000). For the purposes of a motion to strike, the movant admits all well pleaded facts. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2.
The defendant's motion to strike requires the court to visit well-traveled terrain that has caused a split of authority among Superior Court cases, but has not been addressed by our appellate courts. More specifically, the Superior Court cases are split on the specificity needed to plead a recklessness claim under General Statutes Section 14-295. A majority of the courts have interpreted Section 14-295 to require that a plaintiff must merely plead a violation of one of the statutes enumerated in Sec. 14-295.[2] Among the more thorough examinations of this view of the statute is Judge Sheldon's discussion in Armstrong v. Smith, Superior Court, judicial district of Hartford/New Britain at Hartford, No. 94 0533947 (Dec. 2, 1994, Sheldon, J.), where the court reviews the legislative history of Section 14-295 and examines the legislators' emphasis that Section 14-295 applies to more serious motor vehicle offenses where the defendants's state of mind is a more significant, critical element. Other courts have reasoned that because Connecticut is a fact pleading state, a complaint must specifically allege facts or conduct that rise to the level of recklessness in order to assert a claim under Section 14-295, and the mere assertion that a statute delineated in Section 14-295 has been recklessly violated is insufficient.[3].
As a general proposition, this court agrees that the majority view presents the better reasoned position — a claim under Section 14-295 may be asserted without the pleading of subordinate, supporting facts as long as the assertion otherwise satisfies the provisions of Section 14-295, and as necessary, the provisions of any of the statutes enumerated in Section 14-295 that are claimed to be violated. As emphasized by the plaintiff, "when the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." Warkintin v. Burns,223 Conn. 14, 22 (1992).
There does not appear to be any ambiguity in the language of Section14-295 or how it should be applied or construed. The statute says that in CT Page 9495 a civil action seeking damages for personal injuries, the trier of fact may award double or treble damages if the plaintiff has specifically pleaded that another party as deliberately or with reckless disregard operated a motor vehicle in violation of . . . "[one or more motor vehicle statutes delineated in the statute] . . . and that such violation was a substantial factor in causing such injury . . ." When such an allegation is specifically made, nothing else is required under the statute. If a further delineation of facts forming the basis of the recklessness claim were necessary, then such an explicit requirement could have been set out in the statute by the legislature. See, Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000,Doherty, J.) ("General Statutes § 14-295 does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness. . . . When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct . . .")
Stated differently, although there is a wide difference between negligence and recklessness (see Dumond v. Denehy, 145 Conn. 88, 91
(1958)), there is no question about what recklessness is under Connecticut law. Recklessness requires a conscious choice of action either with knowledge that it will involve serious danger to others or with knowledge of facts which would disclose this danger to a reasonable person. See Mooney v. Wabrek, 129 Conn. 302, 308 (1942). Consequently, if a plaintiff, as in the case here, has specifically pleaded that a defendant has caused the plaintiff injury by "recklessly" violating the statute prohibiting the operation of a motor vehicle at an unreasonable rate of speed (C.G.S. Sec. 14-218a), a jury will undoubtedly be charged that it has to determine whether the defendant violated the statute in a manner that involved the defendant's actual knowledge that his conduct involved serious danger to others or involved the defendant's knowledge of such facts that would have caused a reasonable person to appreciate that such danger was being created. An allegation in a complaint requiring such a charge is clearly sufficient to satisfy the requisites of Section 14-295 in most instances. The defendant may acquire further factual, delineation about the claim through pretrial discovery if necessary.
In this particular instance, the court finds that the plaintiffs allegations are insufficient to satisfy even these more liberal pleading requirements. First, as previously stated, Section 14-295 explicitly provides that the plaintiff must specifically plead that the defendant has violated one of the statutes enumerated in this provision and that such violation was a substantial factor in causing the plaintiff injury. The plaintiff first alleges that the defendant recklessly operated his vehicle CT Page 9496 in violation of Section 14-222 of the General Statutes. Section 14-222
prohibits the reckless operation of a motor vehicle. As a matter of pleading, it makes no sense to allege that the defendant recklessly drove his vehicle in a reckless manner. Indeed, Section 14-222 itself sets out specific types of conduct that conclusively constitute reckless driving under the statute. Consequently, in order to satisfy the provision of Section 14-295 that requires the plaintiff to specifically allege that the defendant "operated a motor vehicle in violation of . . . Section14-222", the plaintiff must in this instance delineate explicitly how this statute, Section 14-222, was violated — in one or more of the ways enumerated in the Section 14-222 or in some other way.
In addition to claiming a violation of Section 14-222, the plaintiff also alleges a violation of Section 14-218a of the General Statutes, which as indicated above, prohibits operation of a motor vehicle at an unreasonable rate of speed. As to both of these claims, the plaintiff does not in any way allege that the defendant's violation of these statutes "was a substantial factor in causing" her injuries as required under Section 14-295. Thus, the averements of the second count fail to assert the requisite elements to assert a claim for double or triple damages under Section 14-295.
Therefore, for the foregoing reasons, the defendant's motion to strike is granted and the second count of the complaint is hereby stricken.
So ordered this 12th day of July 2001.
 _____________________ STEVENS, JUDGE