[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE (#136)
CT Page 11079
This motion to strike, which was filed on May 8, 2001, appeared on Short Calendar No. 1 for this date and was claimed ready for argument. Defendant's counsel appeared in court, but plaintiffs counsel failed to appear. The court agreed to rule on the papers. No timely memorandum of law in opposition to the motion to strike has been filed by the plaintiff See Practice Book § 1042.
The defendant Andrew Consiglo has moved to strike the eighth count of the second amended complaint which alleges that his actions were wilful, wanton and reckless (Eighth count, ¶ 17). The facts which are alleged to support this cause of action are pled in other counts of the second amended complaint and are incorporated into the eighth count by reference. The incorporated factual allegations of the eighth count, which are paragraphs 1-16 of the seventh count which incorporate paragraphs 1-11 of the first count and paragraphs 13-14 of the first count, do not allege facts that meet the requisite standard for recklessness.
In order to state a claim for recklessness, a plaintiff must allege facts demonstrating both egregious conduct and the requisite state of mind. Egregious conduct is "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711
(1988). The state of mind for recklessness is "more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or take reasonable precautions to avoid injury to them." Mooney v. Wabrek,129 Conn. 302, 308, 27 A.2d 631 (1942). The core factual allegation specifically against Consiglio (paragraphs 12-16) is that "he took no action" when presented with the plaintiffs complaints involving the co-defendant Elaine Tedesco. A failure to act is insufficient to state a claim of recklessness. Further, the plaintiffs allegations do not rise to the level of highly unreasonable conduct. Accordingly, the motion to strike the eight count is granted.
LINDA K. LAGER, JUDGE