[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a memorandum of decision on Motions to Strike filed by defendant Metro North Commuter Railroad (Metro North) and defendants Riverbend Partners, Milton B. Hollander, Betty R. Hollander, Riverbend Executive Center, Inc., Omega Engineering, Inc., and Research Park Properties (Riverbend defendants).
Plaintiff, Lee Arlin, brought this personal injury action for injuries she sustained when her car was struck by a Metro North commuter train at the private railroad crossing known as Riverbend Drive South Crossing. The plaintiff worked at an office in Riverbend Office Park, which is serviced by the Riverbend Drive South private crossing. Plaintiff, Harold Arlin, Lee Arlin's husband, has brought claims for loss of consortium.
Defendant Metro North filed a Motion to Strike subparagraphs 22a and CT Page 10347 22b from count one (negligence), and count 19 (recklessness) in its entirety from plaintiffs' third revised amended complaint dated November 22, 2001 on the basis that the plaintiff has not alleged that Metro North was ordered to install gates by the Commissioner of Transportation and/or the State Traffic Commission pursuant to General Statutes §13b-292.[1] Defendant claims that such allegations are necessary to finding that it had a legal duty to install gates at the subject crossing, and thus, without such allegations plaintiff fails to state valid claims in subparagraphs 22a and 22b, and count nineteen.
In count one, subparagraph 22a, plaintiff alleges that Metro North was negligent in that they "failed to erect or cause to have erected Crossing gates or other automatic protective devices at the Riverbend Drive South Private crossing when they knew or should have known that such gates or other devices were necessary to ensure the safety of persons using said private crossing." In subparagraph 22b, plaintiff alleges that Metro North, "failed to have credible warning signals at the subject railroad private crossing which were not confusing to motorists proceeding over the Riverbend Drive South Private crossing in a westerly direction, such as the plaintiff herein. "
The plaintiff objects to the Motion to Strike the subparagraphs on the basis that Metro North has not moved to strike paragraph 22 in its entirety and it is procedurally improper to strike subparagraphs. Plaintiff also objects to the motion to strike both the subparagraphs and count nineteen on the grounds that she is not bringing negligence and recklessness claims in those counts based on a violation by Metro North of its obligations under § 13b-292. Rather, plaintiff argues that the allegations of count one adequately state a claim for common law negligence and the allegations of count nineteen adequately state a claim for common law recklessness.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted, internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580
(1997).
"Although there is a split of authority, most trial courts follow the rule that a single paragraph of a pleading is subject to a motion to strike only when it attempts to set forth all of the essential allegations of a cause of action or defense." Colon v. SNET, Superior CT Page 10348 Court, judicial district of Fairfield at Bridgeport, Docket No. CV010385673 (May 21, 2002, Gallagher, J.). See also DeTullio v. Chebrah Bikur Cholim, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334892 (March 25, 1997, West, J.); Rees v.Flaherty, Superior Court, judicial district of Tolland at Rockville, Docket No. CV010077316 (June 7, 2002, Scholl, J.) quoting Garcia v. ITTHartford Ins. Co., Superior Court, judicial district of Hartford, Docket No. 579974 (December 8, 1998, Peck, J.); Davenport v. Renee, Superior Court, judicial district of New Britain, Docket No. CV990495097S (June 21, 2000, Kocay, J.); Czarsty v. DeLeon, Superior Court, judicial district of Waterbury, Docket No. CV9901540335 (December 30, 1999, Pellegrino, J.)
This court agrees that paragraphs of a complaint may only be stricken when a party has attempted to set out a separate cause of action or defense therein. In the present case, the plaintiff concedes that she is not attempting to state a statutory claim based on § 13b-292 in subparagraphs 22a and 22b. Rather, plaintiff contends that she is bringing a claim for common law negligence in count one and the allegations in subparagraphs 22a and 22b support such claim. The plaintiff is not attempting to set forth all of the essential allegations of a cause of action in subparagraphs 22a and 22b. Defendant's counsel cannot cite, nor can the court find, any authority for the proposition that § 13b-292 preempts a claim for common law negligence.
Metro North's Motion to Strike subparagraphs 22a and 22b is, therefore, denied.
As to paragraph 19, the plaintiff also argues that she has sufficiently pleaded a claim for common law recklessness irrespective of Metro North's obligations under § 13b-292.
"Recklessness is a state of consciousness with reference to the consequences of one's acts. Commonwealth v. Fierce, 138 Mass. 165, 175
[1884]. It is more than negligence, more than gross negligence. Bordonarov. Senk, 109 Conn. 428, 431, 147 A. 136 [1929]. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Mooney v. Wabrek,129 Conn. 302, 308, 27 A.2d 631 (1942). Wanton misconduct is reckless misconduct. Menzie v. Kalmonowitz, 107 Conn. 197, 199, 139 A. 698
(1928). It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a CT Page 10349 situation where a high degree of danger is apparent." (Citations omitted, internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518,532-33 (1988).
In count nineteen, the plaintiff alleges that at the time of her accident Metro North was in possession and control of railroad track and related warning signals, and track circuitry which passed through Riverbend Drive South private crossing and which serviced Riverbend Office Park. The plaintiff alleges that Metro North was aware that the Riverbend Center and Largo Drive complex were serviced by three private railroad crossings where numerous accidents had previously occurred. The plaintiff also alleges that Metro North was aware that two of those private crossings had been gated and that the gates had reduced accidents at those crossings. Plaintiff further alleges that Metro North was aware that vehicular traffic had increased at the ungated Riverbend Drive South private crossing and that they failed to gate or cause to have gates installed at said crossing. In viewing the complaint in the light most favorable to sustaining its legal sufficiency, the court finds that the plaintiff has alleged conduct sufficient to constitute an extreme departure from ordinary care where a high degree of danger is apparent. The plaintiff has sufficiently alleged a claim of common law recklessness. The defendant cannot cite any authority for the proposition that § 13b-292 preempts an action for common law recklessness. Therefore, the motion to strike count 19 is denied.
The Riverbend defendants filed a Motion to Strike counts twenty-one, twenty-two, twenty-three and twenty-four (the recklessness counts) and paragraph 25(f) of counts nine, eleven, fifteen and seventeen (the negligence counts).[2]
Riverbend argues that in the recklessness counts, the plaintiff has failed to allege sufficient facts to constitute reckless conduct. Riverbend concedes that the plaintiff makes factual allegations beyond the negligence counts, but argues that these allegations do not give rise to a claim of recklessness. The plaintiff objects arguing that the allegations are sufficient.
The court agrees with the plaintiff. The plaintiff alleges that the Riverbend defendants were aware of numerous past accidents at the Riverbend Drive South crossing and the increase in traffic at said crossing due to renovation and construction of buildings in the office park. The plaintiff also alleges that the defendants knew that the two other private crossings that serviced Riverbend Office Park had been gated, and that the number of accidents at those crossings was greatly reduced by the installation of crossing gates. The plaintiff further alleges that there had been recommendations that the Riverbend Drive CT Page 10350 South crossing be gated. In viewing the complaint in the light most favorable to sustaining its legal sufficiency, the court finds that the plaintiff has alleged conduct sufficient to constitute an extreme departure from ordinary care where a high degree of danger is apparent. The motion to strike counts twenty-one, twenty-two, twenty-three and twenty-four is denied.
In subparagraph 25(f) of the negligence counts, plaintiff alleges that her injuries were the result of defendants' negligence in that, "[t]hey failed to comply with their obligations under Section 13b-292 of the Connecticut General Statutes to erect and maintain such traffic control devices as are reasonably required at said private crossing." The Riverbend defendants move to strike subparagraph 25(f) of the negligence counts on the basis that § 13b-292 does not provide for a private cause of action and if it did, the plaintiff has not alleged the necessary factual predicate. The plaintiff objects on the basis that it is improper to strike a subparagraph and on the additional grounds that § 13b-292 does not preclude a private cause of action against the Riverbend defendants.
Counts nine, eleven, fifteen and seventeen taken in their entirety state claims for negligence. This court finds that the allegations in subparagraph 25(f) do not constitute all the essential allegations of a statutory claim under § 13b-292 given the language of the statute. The proper procedure for addressing this subparagraph would have been a request to revise. It is procedurally improper to strike this subparagraph since it does not allege a separate cause of action. To the extent, however, that the plaintiff seeks to assert a separate statutory claim under § 13b-292, such claim would need to be pleaded in a separate count.[3] The motion to strike paragraph 25(f) of the negligence counts, therefore, is denied.
SO ORDERED.
 ________________________ CHASE T. ROGERS SUPERIOR COURT JUSTICE