[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 18, 1996
On April 8, 1996, the plaintiff, Joseph A. Colasanto, filed a three-count. sixth amended complaint (the complaint) against the defendant, Rejean Realty, Inc. (Rejean). Colasanto alleges the following facts. CT Page 5144
As of February 23, 1994, Rejean owned the real property located at 43 Palisade Terrace, Glastonbury, Connecticut (the real property). At that time, Rejean was the contractor constructing a home on the real property. Rejean also listed the home on the real property for sale. To this end, Rejean allowed potential purchasers to walk through and inspect the real property.
On February 23, 1994, Colasanto was on the real property performing an inspection of the premises for a potential buyer of the residence when his right foot slid off the right side of the front steps of the residence. Colasanto fell to the ground on his left side, thereby injuring his left side, leg, and knee. The steps had been installed by Rejean. Colasanto alleges that the steps were defective in that they did not have any railing, foot guard, or other protective device installed on them.
In the first count, Colasanto claims that the failure to have any such features was a violation of the Connecticut State Building Code, § R-215.1-215.2 and the Occupational Safety and Health Administration Codes (OSHA), C.F.R. § 1926.1050-1926.1053.[1] The second count sounds in common law recklessness, and the third count sounds in strict liability, based on violations of the above-cited regulations.
On April 24, 1996, Rejean filed a motion to strike the second and third counts of the complaint. The motion was accompanied by a memorandum of law. On June 4, 1996, Colasanto filed an objection to the motion to strike.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992). CT Page 5145
Rejean moves to strike the second count on the ground that Colasanto has failed to allege facts sufficient to support a claim of recklessness. Rejean contends that Colasanto has merely alleged legal conclusions. In response, Colasanto maintains that he has alleged facts which support the elements of a claim of recklessness.
"There is a wide difference between negligence and reckless or wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 45, 492 A.2d 219 (1985). "Recklessness involves highly unreasonable conduct involving an extreme departure from ordinary care in a situation where a high degree of danger is present. Recklessness requires a conscious choice of a course of action, either with knowledge that it would involve serious injury to other, or with knowledge of facts which would disclose the danger to any reasonable man. Reckless or wanton misconduct is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequence of actions."Coble v. Maloney, 34 Conn. App. 655, 672, 643 A.2d 277 (1994).
In his complaint, Colasanto alleges that Rejean knew or should have known that the condition of the steps was unsafe. He further alleges that Rejean should have taken measures to remedy the problem. Colasanto alleges that Rejean failed to do so. While these allegations may support a claim of negligence, they do not provide sufficient facts upon which to support a claim of wanton and reckless conduct. Colasanto has alleged no facts showing "highly unreasonable conduct involving an extreme departure from ordinary care." Coble v. Maloney, supra, 34 Conn. App. 655. Colasanto has merely repeated the allegations of count one's negligence claim and attached the label of "wanton and reckless" conduct. In doing so, Colasanto has done nothing more than allege "mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,supra, 224 Conn. 210. Accordingly, the motion to strike is granted as to count two.
Rejean moves to strike count three on the ground that neither the Connecticut State Building Code nor OSHA expressly provides for strict liability. Rejean argues that although certain statutes may impose a standard of care, one must not forget about common law liability, and so unless expressly provided for, a statute should not be interpreted as providing for strict liability. Rejean maintains that neither of the two CT Page 5146 above-mentioned statutes provides for strict liability, and so the common law of premises liability governs.
In response, Colasanto contends that strict liability exists when a landlord fails to properly maintain outside stairs in violation of a statute. Gore v. People's Savings Bank, 235 Conn. 360,376, 665 A.2d 1341 (1995). He maintains that he was visiting the property, and as a visitor he was a member of the class intended to be protected by the above-mentioned statutes. He further contends that he fell where a railing should have been. Colasanto argues that he has alleged facts sufficient to support a strict liability claim.
In Gore v. People's Savings Bank, supra, the court stated that "the legislature knows how to create strict liability when it chooses to do so; see e.g., General Statutes § 22-357
(providing that dog owners shall be liable for damage to any person's body or property caused by dog) . . ." (Emphasis added; internal quotation marks omitted.) Gore v. People's Savings Bank,supra, 235 Conn. 389. In the present case, Colasanto has alleged strict liability pursuant to the Connecticut State Building Code, § R-215.1-215.2 and OSHA, C.F.R. § 1926.1050-1926.1053. Neither the OSHA sections nor the Connecticut Code contains any language similar to that of § 22-357. The statutes, therefore, do not provide for strict liability. Colasanto has failed to state a claim for which relief can be granted. Accordingly, the motion to strike is granted as to count three.
HENNESSEY, J.