[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 101)
The plaintiff, Kenneth G. Watt, filed a two count complaint on May 28, 1999 against the defendant Paul Christ, the head greenskeeper of Whitney Farms Golf Club, and the defendant C.B.L., Inc., the owner of Whitney Farms Golf Club, the golf course at which the plaintiff's alleged injuries occurred. The plaintiff alleges that the defendants were negligent and reckless in maintaining Whitney Farms Golf Club and in creating and allowing a dangerous condition to exist near the ninth tee cart path.
In his complaint, the plaintiff alleges that the "dangerous condition consisted of various wooden stakes that had been placed into the ground near the cart path. The stakes appeared to be approximately 12-14" high and had sharp edges. Rope was also strung across the top of these sharp stakes." (Complaint, ¶ 7.) He alleges that he sustained injuries when he was cut in the leg CT Page 13606 by one of the sharp wooden stakes placed in the ground near the cart path in the vicinity of the ninth tee. The first count of plaintiff's complaint, which is not at issue in this motion, is a negligence claim. The second count is a common law recklessness claim.
The defendants filed a motion to strike the plaintiff's second count of common law recklessness. They argue that the second count of the plaintiff's complaint alleges legal conclusions unsupported by factual allegations and repeats the allegations contained in the negligence claim without alleging additional facts to support his recklessness claim. The defendants further argue that the second count must fail because it fails to allege facts that rise to the level of reckless conduct defined in Dubay v. Irish, 207 Conn. 518, 533,542 A.2d 711 (1988), and Sheiman v. Lafayette Bank and Trust Co.,4 Conn. App. 39, 45, 492 A.2d 219 (1985). Specifically, the defendants argue that "[t]he act of placing wooden stakes in the ground with a rope connecting them together near the golf cart paths in no way could be classified as a conscience choice with knowledge of the serious danger to others." (Defendants' Memo, p. 7.) Additionally, the defendants argue that Connecticut is a fact pleading jurisdiction, but the plaintiff has failed to plead facts sufficient to support a cause of action for recklessness.
In opposition to the defendants' motion to strike, the plaintiff argues that he has pled facts sufficient to support an action for recklessness. The plaintiff argues that his allegations meet the definition of recklessness contained in the Restatement (Second) Torts § 500, and that he has pled factual allegations of recklessness more specifically than those found to withstand a motion to strike in Knoblauch v. Atlantic Ventilating Equipment Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 524505 (October 22, 1993, Corradino, J.) (10 Conn. L. Rptr. 275).
Particularly, the plaintiff argues that the following allegation sufficiently satisfies the intent requirement in a claim for recklessness: "The [d]efendants Paul Christ and CBL, its agents, servants and employees, with conscience indifference
to the safety of the club members and guests such as the Plaintiff, Kenneth Watt: (a) Created and permitted the above mentioned condition; and (b) Failed to provide a safe and adequate walking area along the cart path which would have permitted members and guests to safely walk to the tee area and CT Page 13607 away from the cart path in the vicinity of the 9th tee." (Emphasis added.) (Complaint, Count Two, ¶ 11.)
There is a wide difference between negligence and reckless or wanton misconduct. Recklessness is a state of consciousness with reference to the consequences of one's acts. It requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater than that which is necessary to make his conduct negligent. It is more than negligence, more than gross negligence. Sheiman v. Lafayette Bank and Trust Co., supra,4 Conn. App. 45-46, citing Beley v. Kohl Madden Printing Ink Co.,157 Conn. 445, 450-51, 254 A.2d 907 (1969).
Wilful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme
departure from ordinary care, in a situation where a high degree of danger is apparent. It is clear that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. Dubay v.Irish, supra, 207 Conn. 533. Furthermore, in order to infer recklessness, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. Again, such conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. Elliott v. Waterbury, 245 Conn. 385, 415, 715 A.2d 27
(1998).
In applying the above mentioned law to plaintiff's pleadings, it is abundantly clear that the plaintiff has not supported his recklessness claim with factual allegations that satisfy, either explicitly or by implication, the essential elements of a cause of action for recklessness. The plaintiff has failed to plead facts to show that the defendants, with knowledge of danger or with knowledge of facts that would disclose the existence of danger to any reasonable person, nor made a conscious choice to engage in highly unreasonable conduct involving an extreme departure from ordinary care in a situation where a high degree CT Page 13608 of danger to others was apparent. See id., 414-16. Additionally, the plaintiff has failed to plead facts to show that the defendants recognized that their conduct involved a risk substantially greater than that which is necessary to make their conduct negligent. See Begley v. Kohl Madden Printing Ink Co., supra, 157 Conn. 450-51.
In Colasanto v. Rejean Realty, Inc., Superior Court, judicial, district of Hartford at Hartford, Docket No. 549643 (July 18, 1996, Hennessey, J.) (17 Conn. L. Rptr. 189, 190), which involved a fall on defective steps, the court granted a motion to strike a common law reckless claim because the facts alleged did not support a claim for wanton and reckless conduct but were merely conclusions of law. The plaintiff in Colasanto
alleged that the defendant knew or should have known that the condition of the steps was unsafe, should have taken measures to remedy the problem, and failed to do so. Id. The Colasanto court stated that the plaintiff's allegations did not demonstrate "facts showing highly unreasonable conduct involving an extreme departure from ordinary care." Id. The allegations in the instant plaintiff's complaint, like those in Colasanto, are insufficient, do not demonstrate highly unreasonable conduct, and allege conclusions of law unsupported by facts.
By contrast, in Neudeck v. Stewart, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335425 (October 1, 1998, Melville, J.), this court held that the plaintiff's recklessness count contained factually sufficient allegations to support a claim of recklessness. Unlike the plaintiff in this case, the plaintiff in Neudeck pled that the defendant made a conscious choice to sell a hazardous product in the face of a known danger. Id. Specifically, the plaintiff in Neudeck alleged that the defendant
 "sold the slide with knowledge . . . (a) that, unless it reasonably warned consumers not to do so, some of its slides would be used in conjunction with pools of inadequate depth; (b) that its slides, when so used, posed a risk of serious injury to users; (c) that the warnings, instructions, and/or safety precaution provided with the slide were inadequate, and even encouraged pool users to perform headfirst slides." Id.
The allegations in Neudeck clearly established a legally sufficient claim of recklessness, whereas the allegations of the CT Page 13609 plaintiff in the instant case lack the necessary specificity and fail to allege the unreasonable conduct necessary to support a claim of recklessness.
The Superior Court cases that the plaintiff cites in support of his position pertain to motor vehicle statutory recklessness claims clearly intended for pleading purposes as an enhancement of damages pursuant to General Statutes § 14-295 rather than a free standing cause of action at common law. See Knoblauch v.Atlantic Ventilating Equipment Co., supra,10 Conn. L. Rptr. 275;Iarrapino v. Spino, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 132563, (September 25, 1996,Sullivan, J.) (17 Conn. L. Rptr. 642); Agnelli v. Whitham, Superior Court, judicial district of Tolland at Rockville, Docket No. 66133, (May 8, 1998, Sullivan, J.).
Finally, even viewed in the light of sustaining their legal sufficiency, the plaintiff's allegations do not provide a basis for inferring highly unreasonable conduct involving an extreme departure from ordinary care in a situation where a high degree of danger is apparent. The words "conscious indifference" without supporting facts add nothing of substance.
In summary, to state a legally viable cause of action for recklessness, a plaintiff must allege facts demonstrating a conscious choice to perform or refrain from performing acts that constitute highly unreasonable conduct, knowing of a strong probability that harm would result or that a high degree of danger was apparent. Because the plaintiff has failed to so allege, the defendants' motion to strike the second count of the plaintiff's complaint is hereby granted.
MELVILLE, J.